CITY OF ORLANDO, PLAINTIFF IN ERROR, v. ORLANDO WATER AND LIGHT COMPANY, S. C. ADAMS, JULIUS KING, ANNIE L. KIMBALL, GEORGE J. DAVIS, J. M. BAAS, GEORGE I. RUSSELL, GALENA JOUETT, L. B. HAMLIN, JOHN F. DE-KLYN AND GEORGE I. RUSSELL, AGENT, DEFENDANTS IN ERROR.

1. Under Section 722 of the Revised Statutes of 1892 providing for the extension of the territorial limits of incorporated cities or towns, the filing of objections as contemplated by the act within thirty days with the Clerk of the Circuit Court who is the custodian of the records of such court, is proper; and such filing will stay action by the city until the further order of the court. The failure to present such objections to the judge and to procure the statutory order thereon will not authorize the city to proceed after the objections are properly filed with the clerk within the time required by the statute, at least where no laches on the part of the objectors are shown.

2. Where the objections to the extension of the territorial limits of a city filed under Section 722 of the Revised Statutes of 1892 are that the district proposed to be annexed is sparsely settled with less than ten registered

voters and is remotely situated from the thickly settled portions of the city, that it would receive no advantages of lights and police protection, that it would be in no way benefitted by annexation, but would be burdened with additional taxes without benefit therefrom, and that the residents in said district prefer to remain in the country, and where all parties were heard on the merits, no exception being taken to the character of the objections, and when it does not appear that the Circuit Court abused the discretion vested in it by the statute in sustaining the objections to annexation as filed, the ruling of the court sustaining the sufficiency of the objections on a motion for new trial will not be disturbed.

3. Where there is evidence to support an order of the Circuit Court, under Section 722 of the Revised Statutes of 1892, that objections to annexation of territory to a city be sustained and that such territory be not annexed, the order will not be disturbed here.

This case was decided by Division A.

Writ of Error to the Circuit Court for Orange County.

The facts in the case are stated in the opinion of the Court.

*Louis C. Massey,* for Plaintiff in Error.

*Beggs & Palmer,* for Defendants in Error.

WHITFIELD, J.    On December 31st, 1904, a petition was filed in the Circuit Court for Orange county by the defendants in error, under the provisions of Section 722 of the Revised Statutes of 1892, in which it is alleged that by an ordinance adopted December 1st, 1904, and approved by the Mayor December 2nd, 1904, "The City Council of the city of Orlando does hereby declare its intention to an-

nex at the expiration of thirty days from the approval of this ordinance a tract of land adjoining the said city on the North," describing it; that petitioners object to such annexation, briefly stated, because the district proposed to be annexed is so remotely situated from the thickly settled portions of the city of Orlando that it would receive no advantages of lights and police protection, because it would be in no way benefited, but would be burdened with additional taxes without benefit therefrom, and because said district is sparsely settled with less than ten registered voters and petitioners prefer to live in the country and would receive no pleasure or profit by being taken into the city.

The transcript recites that "on the 19th day of January, 1905, the court, due notice being given of the hearing," issued an order on the petition for a notice to be issued by the clerk to be served on the mayor fixing February 13th, 1905, for the hearing on said application. The notice was issued by the clerk and was served on the mayor of the city of Orlando who filed an answer in which it is contended that the court should not proceed with said petition because the ordinance above referred to was passed December 1st, 1904, and approved by the mayor December 2nd, 1904, and that consequently the last day for filing objections by way of presenting a petition and obtaining an order staying the proceeidngs therein was January 2nd, 1905; that the paper filed as a petition herein was filed in the clerk's office of the court on December 31st, 1904, but was not presented to the Circuit Judge until January 13th, 1905; that said city having no notice of said application at the time, and no order restraining it having been issued, the city council of said city on January 3rd, 1905, passed, and on January 4th, 1905, the

14 S. C.

mayor approved an ordinance annexing said district to the city of Orlando.

To this answer the petitioners demurred on the ground that the answer does not allege that a petition was not filed in the Circuit Court within thirty days after the approval of the ordinance as required by law. The demurrer was sustained and a hearing was had before the Circuit Judge who made the following order: "Upon the hearing of said petition or application, and after hearing the evidence, it is hereby ordered, adjudged and decreed that the said objections in said application or petition shall be sustained, and that the said tract shall not be annexed to the city of Orlando. Done, ordered and decree in open court this the 14th day of February, A. D. 1905. Minor S. Jones, Judge."

A motion for a new trial was overruled, to which an exception was taken. A writ of error was taken to this court and errors are assigned on the sustaining of the demurrer to the answer, the denying of the motion for a new trial, and the entering of the order denying annexation.

Under the first assignment of error it is contended that it was error to consider the petition which was filed with the Clerk of the Circuit Court within thirty days from the approval of the ordinance, and upon which no action was taken by the court within said thirty days for the reasons, it is claimed, that the statute requires the objections to annexation to be presented to the court within the thirty days so that the statutory order may be made thereon to stay further action by the city.

The statute under which the proceeding was taken, Section 722, Revised Statutes of 1892, is as follows:

"722. Extension of territorial limits. If any incorporated city or town shall desire to change its territorial

limits by the annexation of any unincorporated tract of land lying contiguous thereto and within the same county, it shall be lawful so to do in the following manner: If such tract contains less than ten registered voters, the council of said city or town shall, by ordinance duly passed and approved as provided by law, declare its intention to annex such tract of land to said city or town at the expiration of thirty days from the approval of said ordinance, which said ordinance shall thereupon be published once a week for four consecutive weeks in some newspaper published in such city or town; or if no newspaper is published in said city or town, then at least three printed copies of said ordinance shall be posted for four consecutive weeks at some conspicuous place in said city or town, and three copies in like manner in the district to be annexed. If at any time before the expiration of the thirty days, any ten registered voters of said city or town, or any two owners of real estate in the district so proposed to be annexed, shall object to such annexation, they may apply by petition to the Circuit Court in and for the county in which said city or town is situated, setting forth in said petition the proposed proceedings of the said city or town, and the grounds of their objections thereto; whereupon the said Circuit Court shall order notice of said application to be served upon the mayor of said city or town, and appoint a day for the hearing of said application; and all further action in the premises by the said city or town shall thereupon be stayed until the further order of the said court. If, upon the hearing of the said application, the said court shall sustain the said objections, the said tract of land shall not be annexed; otherwise the said application shall be dismissed and the said tract of land shall be annexed to the said city or town. Such petition may be heard and determin-

ed by said court either in term time or in vacation, **and** questions of fact may be determined by such court without a jury, but each party may demand a jury if they so desire. If no objection is filed as aforesaid within the said thirty days the said city or town may proceed by ordinance to annex the said tract of land and to redefine the boundary lines of the said city or town so as to include therein the said tract of land. If the tract of land so proposed to be annexed contains ten or more registered voters, the ordinance proposing to annex said tract of land shall be submitted to a separate vote of the registered voters of the said city or town and of said tract of land. Such election shall be called and conducted, and the expense thereof paid by the corporate authorities of said city or town; and the said tract of land shall not be annexed unless such annexation is approved by a majority of two-thirds of the registered voters actually voting at such election in said district and in said city or town."

Under this statute the filing of the objections within the thirty days with the clerk, who is the custodian of the records of the Circuit Court was proper, and action in the premises by the city was thereupon stayed until the further order of the court. The statute provides that "if no objection is filed as aforesaid within the said thirty days, the said city or town may proceed by ordinance to annex the said tract of land." The expression "as aforesaid" has reference to the character of the paper filed. The failure to present the petition to the Judge of the Circuit Court and to procure the statutory order thereon did not authorize the city to proceed after the objections were properly filed with the clerk within the time required by the statute, at least where no laches on the part of the petitioners are shown.

City of Orlando v. Orlando W. & L. Co., et al.—Opinion of Court.

It is urged under the second assignment of error that the objections laid in the petition are not sufficient to prevent annexation, that the evidence does not support the allegations of the petition and that the evidence is insufficient to prevent annexation.

The allegations of the petition in effect are that the district proposed to be annexed is sparsely settled with less than ten registered voters and is remotely situated from the thickly settled portions of the city, that it would receive no advantages of lights and police protection, it would be in no way benefited by annexation, but would be burdened with additional taxes without benefit therefrom, and that the residents in said district prefer to remain in the country. No point was made against this petition by the city, and all parties were given an opportunity to be heard at the trial of the merits of the cause, and it does not appear that the Circuit Court abused the discretion vested in it by the above statute in sustaining the objections to annexation as they are stated in the petition when they were questioned in a motion for new trial. There is evidence to support the order of the court that the objections in the petition be sustained and that said tract of land shall not be annexed to the city of Orlando, and the order will not be disturbed here.

The order is affirmed at the cost of the plaintiff in error.

SHACKLEFORD, C. J., and COCKRELL, J. concur.

TAYLOR, HOCKER and PARKHILL. JJ., concur in the opinion.