R. H. LOCKHART, ADMINISTRATOR OF THE ESTATE OF D. LOCKHART, DECEASED, *Plaintiff in Error*, v. BUTT-LAND-STREET, A CORPORATION, AND E. R. GEAGIN, *Defendants in Error*.

Division A.

Opinion Filed March 13, 1926.

*Chas. P. Dickinson*, for Plaintif fin Error.

*Maguire & Voorhis* and *N. W. & R. C. Davis*, for Defendants in Error.

STRUM, J.—Plaintiff in error, as plaintiff below, instituted an action at law against defendants in error to enforce a statutory lien for materials furnished by the plaintiff in the construction of a building. See Sec. 3519, Rev. Gen. Stats. 1920. Defendants below, Butt-Landstreet, Inc., and E. R. Feagin, are alleged to be, respectively, the owner of the land and building against which the lien is sought to be enforced, and the contractor for the erection of the building under a contract with the owner. The plaintiff materialman and the defendant owner were not in privity. The defendants filed separate pleas presenting several issues but the cardinal issue is presented by the owner's plea which, besides denying the furnishing of the material, further alleges that at the time of the delivery to the owner of the materialman's notice of lien there was no money due by the owner to the contractor on account of said contract, but that on the contrary the owner at that time had in good faith paid the contractor more money than the latter was entitled to receive under the contract, and that prior to the delivery to the owner of the materialman's notice of lien the contractor abandoned the contract and the building was thereafter completed by the owner, in accordance with the terms of the contract, at a sum greatly in excess of the contract price.

The jury returned a verdict for the plaintiff in the full amount of his claim.

The defendant owner submitted a motion to set aside the verdict and grant a new trial, upon the ground, amongst others, that the verdict is contrary to the law and the evidence, which motion was granted, the trial judge reciting in his order that he had "re-examined the law applicable to the facts, also the evidence taken and heard at the trial."

This writ of error was taken to the order granting a new trial. Sec.2903, Rev. Gen. Stat. 1920.

The rule to be observed in both the trial and appellate courts in situations of this nature was thus announced in Farrell v. Solary, 43 Fla. 124; 31 South. Rep. 283:

> "A trial court should not grant a new trial on the ground that the verdict is not supported by the evidence where there is material conflict in the evidence, unless the weight of the testimony so clearly preponderates against the verdict found as to require its annulment in order to meet the demands of justice. But trial courts, of necessity, are vested with a discretion in granting or withholding new trials. And where they grant one on the ground that the evidence does not sustain the verdict in a case in which the evidence is conflicting upon a material issue, an appellate court, acting under the statute (section 1267, Revised Statutes) authorizing writs of error from orders granting new trials, will not reverse such orders unless it is affirmatively and clearly made to appear, from a clear and palpable preponderance of evidence in support of the verdict overturned, that the trial judge has abused the discretion with which he is vested in such cases, or that some settled principle of law has been violated. Simply because an appellate court, from the showing made in the record before it, might not have granted the new trial had it acted in the first instance in place of the trial judge, or because it would not under the same circumstances have disturbed a ruling denying such new trial, furnishes no reason of itself to an appellate court for reversing an order of a trial judge granting a new trial."

In Carney v. Stringfellow, 73 Fla. 700; 74 South. Rep. 866, it was further said:

> "Where a new trial is granted, and there is such a conflict in the evidence that this court cannot say the trial judge abused his discretion in granting such a new trial, his ruling will not be disturbed."

> "A stronger showing is required to reverse an order allowing a new trial than to reverse one denying it." See also Ruff v. G. S. & F. Ry., 67 Fla. 224, 64 South. Rep. 782.

The general rule was again recently enunciated by the Court, speaking through MR. JUSTICE WHITFIELD, in Phillips v. Lowenstein, et al., decided at this term, the opinion being filed January 23, 1926. In that case it was said:

> . "Where the evidence is conflicting or is not convincing or clearly preponderant in favor of the finding made, or where no abuse or error in applying principles of law appears in the order granting a new trial, the appellate court will generally not reverse the order of the trial court."

> "Where some settled principle of law is violated by the trial court in granting a new trial, or where in law the evidence requires the finding to be as made, and a judgment on the finding would be in accord with law and the requirements of substantial justice in the cause, the appellate court will reverse an order of the lower court granting a new trial, when the matter is appropriately presented."

The major question of fact presented by the case at bar is whether or not at the time of the delivery by the materialman plaintiff to the defendant owner of a written notice that the co-defendant contractor was indebted to the materialman for materials furnished for the construction of the

building in question (See Secs. 3518 and 3499, Rev. Gen. Stat. 1920), there was then or thereafter due by the owner to the contractor, or his assigns or successors in interest, any amount of money on the contract. See Gramling v. Chapman, 81 Fla. 362; 88 South. Rep. 258. There was no substantial dispute as to how much money had been paid by the owner to the contractor at and prior to the service of the materialman's notice on November 22, 1920. Whether there was any further sum of money then unpaid by the owner to the contractor upon the contract, or whether any further sum of money thereafter became due by the owner to the contractor was the real point of controversy in the case, determination of which depended upon whether, as contended by the owner, the contractor abandoned his contract and failed to complete the building according to the terms thereof. See Dekle v. Valricko Sandstone Co., 74 Fla. 346; 77 South. Rep. 95. The question of fact involved was submitted to the jury under appropriate instructions as to the law. There was conspicuous conflict in the evidence upon the question of abandonment. The jury resolved the matter in favor of the plaintiff, finding that there had been no abandonment. Although there appears to be sufficient evidence to *support* that verdict, the evidence was not so convincing or clearly preponderant in favor of the verdict as in law to *require* the finding to be made in order to meet the demands of justice. There appears to be also sufficient evidence to have supported a verdict for the defendant owner, had the jury taken that view of the matter. In setting aside the verdict and granting a new trial, the trial judge neither abused the sound discretion vested in him in such matters, nor violated any settled principle of law.

When motion for a new trial is granted by the circuit court the presumption is that it was properly granted, and

this presumption applies with peculiar force to orders granting new trials. Cheney v. Roberts, 77 Fla. 324; 81 South. Rep. 475; Hainlin v. Budge, 56 Fla. 342; 47 South. Rep. 825. In all instances in which this court has reversed the order of the trial court granting a new trial, it was either because some settled principle of law had been violated or ignored by the trial court, or because in law the evidence *required* the finding to be as made and a judgment on the verdict as found would be in accordance with law and the requirements of substantial justice in the cause. The order under consideration is not within either of the controlling principles last enumerated.

Affirmed.

BROWN, C. J., AND ELLIS, J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the Opinion.