THE STATE OF FLORIDA ex rel., FRED H. DAVIS, Attorney General, et al., *Relators,* v. CITY OF HOMESTEAD, a municipal corporation, *Respondent.*

En Banc.

Opinion filed April 1, 1930.

Petition for rehearing granted May 13, 1930.

*Fred H. Davis,* Atty- Genl., and *Loftin, Stokes & Calkins* for Relators;

*Roberts & Nelson and A. B. & C. C. Small and Wallace Ruff,* for Respondent.

WHITFIELD, P. J.—In quo warranto proceedings brought by the Attorney General and co-relators, it appears that the Town of Homestead was organized at a mass meeting of citizens under authority of the general statutes providing for the organization of a municipal government in that manner; that Chapter 9778, Acts of 1923, abolished the government of the Town of Homestead and established the City of Homestead, "the territorial boundaries of which shall be as" specifically defined in

the statute; that Chapter 11520, Acts of 1925, Extra Session, established a new City of Homestead and defined by metes and bounds the territorial limits of the new municipal government; that in 1926, acting under section 1918, Revised General Statutes, 1920, Section 3051, Compiled General Laws, 1927, the municipality attempted by ordinance and other prescribed proceedings to greatly enlarge its territorial limits. The legality of such enlargement of the municipal boundaries is challenged in this proceeding. A demurrer and motion to quash, present only questions of law to be determined.

The constitution of 1868 did not contemplate the formation of municipalities by special or local laws, but provided that ''The legislature shall establish a uniform system of * * * municipal government.'' Section 21, Article IV. Pursuant to the quoted organic provision, Chapter 1688, was enacted in 1869 ''to provide for the incorporation of cities and towns, and to establish a uniform system of municipal government in this state.'' This statute with amendments appear as sections 1825 *et seq.*, Rev. Gen. Stats., 1920, sections 2935 *et seq.*, Comp Gen. Laws, 1927.

The statute provides for a uniform system of municipalities, and their government, each city or town to be established by prescribed voluntary action to be duly taken by stated classes of persons who shall in organizing a municipality, ''designate by definite metes and bounds the territorial limits thereof''; and the Act provided for enlarging or contracting the territorial limits of any municipality organized under the statute by non-legislative action duly taken as prescribed in the Act. See amended provisions now appearing as sections 3048-51 Comp. Gen. Laws, 1927.

While the indicated statutory provision for enlarging municipal boundaries by non-legislative action, may oper-

ate where municipalities are organized under the general laws providing for a uniform system of municipal government under section 21, Article IX, constitution of 1868, and the like provision in section 24, Article III, constitution of 1885, such statutory provision for enlarging municipal boundaries by other means than statutory enactments, cannot operate when it is inconsistent with special or local laws regulating municipalities under section 24, Article III and section 8, Article VIII. constitution of 1885.

The constitution of 1885 contains the following:

''The legislature shall establish a uniform system of county and municipal government, which shall be applicable, except in cases where local or special laws are provided by the legislature that may be inconsistent therewith.''   Sec. 24, Art. 3.

''The legislature shall have power to establish and abolish municipalities, to provide for their government, to prescribe their jurisdiction and powers, and to alter or amend the same at any time.''   Sec. 8, Art. VIII.

The first quoted provision of the constitution of 1885 contemplates and commands the establishment by law of a uniform system of municipal government which system *may* authorize qualified individuals by appropriate action duly taken to establish the boundaries of a municipality and by prescribed proceedings to change such boundaries when no controlling law is thereby violated, as provided in section 1918, Rev. Gen. Stats., 1920, section 3051, Comp. Gen. Laws 1927; while the second quoted provision contemplates and expressly authorizes *the legislature*, in addition to the authority and duty to establish a uniform system of municipal government, to establish and to abolish municipalities and to alter or amend the same at any time.  The

effect of the above organic provisions of the constitution of 1885 is that while under section 24, Article III, commanding the legislature to provide for a uniform system of municipal government, a statute may authorize a voluntary organization of a municipality and the fixing of the territorial boundaries thereof by appropriate proceedings duly taken by qualified individuals and may also provide for voluntary or other appropriate proceedings for extending the boundaries of a municipality so organized and established; yet when the jurisdiction and territorial boundaries of a municipality are specifically defined *by statute* pursuant to section 8, Article VIII, such boundaries cannot legally be extended by municipal ordinance or otherwise than by statute, for that would give the ordinance or other non-legislative action, the force and effect of a repealing or amending a statute, which is not permitted by the legislative article of the constitution. Where the jurisdiction and boundaries of a municipality are fixed by statute, they may be extended at any time by statute but not otherwise as the law now is.

Chapter 1688, Acts of 1869, as amended by Chapter 3163, Acts of 1879, now section 3051, Comp. Gen. Laws 1927, was enacted and amended under the constitution of 1868, and relates to the extension of the territorial limits of municipalities organized by voluntary action taken under the organic provision and the statutes providing for a uniform system of municipal government. After the adoption of the constitution of 1875 which expressly requires a uniform system of municipal government and also authorizes municipalities to be established and abolished by special or local laws, the latter to prevail when they are inconsistent with general laws on the subject, Section 24, Article III, and section 8, Article VIII, the operation of the act of 1869 was restricted.

After the constitution of 1885 became effective, the Act of 1869 as amended in 1879 was not further amended so as to make it applicable to municipalities established by special or local laws enacted under the constitution of 1885; and the statute as enacted and amended and subsequently incorporated in the Rev. Gen. Stats. of 1892, the Gen. Stats. of 1906, and the Rev. Gen. Stats. of 1920, and now appearing as section 3051, Comp. Gen. Laws, 1927, does not provide that when proceedings are taken under the general statute to enlarge the territorial limits of any municipality such action where duly taken within defined limits shall supersede the previous statutory territorial limits of the municipality.

The territorial boundaries of the City of Homestead having been specifically defined by Chapter 11520, Acts of 1925, Extra Session, a subsequent attempted enlargement of such statutory boundaries by municipal action taken under section 3051, Comp. Gen. Laws 1927, is ineffectual. The stated statute is operative only when a municipality is organized and its territorial limits are as designated by voluntary action of citizens or as changed by the prescribed non-legislative action, and not where such boundaries have been fixed by statute, even though the boundaries were originally designated by voluntary action of citizens in organizing the municipality under the statute providing for a uniform system of municipal government. Sections 1825 et seq., Rev. Gen. Stats. 1920, Sections 2935 et seq., Comp. Gen. Laws, 1927.

Chapter 6940, Acts 1915, "authorizing cities and towns to amend their charters and to adopt charters for their government," does not authorize a municipality to enlarge its corporate powers beyond limitations prescribed by law. Pursley v. City of Fort Myers, 87 Fla. 428, 100 So. R. 366. The provision of Chapter 6940 that "this act shall not

be so construed as to authorize any city or town to enlarge its corporate powers beyond the limitations prescribed by law, except that it may extend its territorial boundaries as provided by law,'' does not expressly or by intendment authorize a municipality to extend its territorial limits that have been defined by statute, though such provision does recognize the statutory authority of a municipality that is organized under the general law to enlarge its boundaries as prescribed by the statute as it likewise recognizes the power of the legislature under the constitution to change by statute the boundaries of any municipality.

The constitutional question here considered was not presented in Phillips v. Town of Altamonte Springs, 92 Fla. 863, 110 So. R. 460, as it is presented here. If the ruling in the Phillips case as against the conclusion here reached, be regarded as a binding precedent to regulate proceedings for *excluding* territory from a municipality, in this case the attempt is to *enlarge* the boundaries of a municipality and even if the act here considered can legally operate in this case, the action taken to so greatly and unreasonably extend the city limits, is a gross abuse of authority claimed under the statute and such action is therefore illegal to extend the territorial limits of the municipallty.

The matters herein discussed were not presented in City of Orlando v. Orlando W. & L. Co., 50 Fla. 207, 39 So. R. 532.

A judgment of ouster will be rendered as to the territory added to the city by action of the city council. It is so ordered

TERRELL, C. J., AND ELLIS AND BUFORD, J. J., concur.

STRUM AND BROWN, J. J., concur in the conclusion.