THE STATE OF FLORIDA, ex rel., FRED H. DAVIS, Attorney General, et al., *Relators,* v. CITY OF HOMESTEAD, a municipal corporation, *Respondent.*

Division B.

Opinion filed July 28, 1930.

362

*Loftin, Stokes & Calkins,* for relators;

*A. B. Small* and *Wallace Ruff* and *W. R. Nelson,* for Respondent.

WHITFIELD, J.—Defining and changing municipal boundaries are primarily legislative or administrative functions, but the legality of such boundaries as affecting property rights is a matter of judicial cognizance. Section 1918, Revised General Statutes 1920, Section 3051, Compiled General Laws 1927, originally enacted in Section 2, Chapter 3163, Acts of 1879, amending Chapter 1688, Acts of 1869, and Chapter 3025, Acts 1877, is as follows:

"If any incorporated city or town shall desire to change its territorial limits by the annexation of any unincorporated tract of land lying contiguous thereto and within the same county, it shall be lawful so to do in the following manner: If such tract contains less than ten registered voters, the council of said city or town shall, by ordinance duly passed and approved as provided by law, declare its intention to annex such tract of land to said city or town at the expiration of thirty days from the approval of said ordinance, which said ordinance shall thereupon be published once a week for four consecutive weeks in some newspaper published in such city or town; or if no newspaper is published in said city or town, then at least three printed copies of said ordinance shall be posted for four consecutive weeks at some conspicuous place in said city or town, and three copies in like manner in the district to be annexed. If at any time before the expiration of the thirty days, any ten registered voters of said city or town, or any two owners of real estate in the district so proposed to be annexed, shall object to such annexation, they may apply by petition to the circuit court in and for the county in which said city or town is situated setting forth in said petition the proposed proceedings of the said city or town, and the grounds of their objection thereto; whereupon the said circuit court shall order notice of said application to be served upon the mayor of said city or town, and appoint a day for the hearing of said application; and all further action in the premises by the said city or town shall thereupon be stayed until the further order of the said court. If, upon the hearing of the said application, the said court shall sustain the said objection,

the said tract of land shall not be annexed; otherwise the said application shall be dismissed and the said tract of land shall be annexed to the said city or town. Such petition may be heard and determined by said court either in term time or vacation, and questions of fact may be determined by such a court without pay, but each party may demand a jury if they so desire. If no objection is filed and notice served as aforesaid within the said thirty days, the said city or town may proceed by ordinance to annex the said tract of land and to redefine the boundary lines of the said city or town so as to include therein the said tract of land. If the tract of land so proposed to be annexed contains ten or more registered voters, the ordinance proposing to annex said tract of land shall be submitted to a separate vote of the registered voters of the said city or town and of said tract of land. Such election shall be called and conducted, and the expense thereof paid by the corporate authorities of said city or town; and the said tract of land shall not be annexed unless such annexation is approved by a majority of two-thirds of the registered voters actually voting at such election in said district and in said city or town."

This section was first enacted in 1879 under the Constitution of 1868, when the territorial boundaries of municipalities were not defined or fixed by statute, but by local action taken under the general law for organizing municipalities. Such quoted section cannot be invoked to enlarge municipal boundaries that have been specifically defined by statute, because having been enacted in 1879 under the constitution of 1868, its language is applicable to municipalities organized only under the general law, and the terms used are not applicable to municipalities

whose boundaries have been specifically fixed by statute. No amendment of the statute makes it applicable to municipal boundaries that are fixed by statute. If a statute may provide that municipal boundaries, though *fixed by statute,* may be enlarged *by the operation of the statute* upon local or other action taken for such extension, (see City of Jacksonville v. Bowden, 67 Fla. 181, 64 So. R. 769), the statute above quoted does not so operate. Even if the provision of the statute that upon stated judicial proceedings and on objections overruled, the proposed "tract of land shall be annexed to said city or town," could be regarded as sufficient to make the statute itself operate upon local action taken to extend the boundaries, the provision quoted has direct reference only to cases where the tract of land proposed to be added "contains less than ten registered voters;" and this case is not in that class. Where there are ten or more registered voters in the territory proposed to be annexed, the annexation depends on a separate two-thirds vote of the registered voters of the municipality and of the proposed addition, and not upon the operation of a statute upon stated facts. See Section 3051, Compiled General Laws, 1927.

Where a special or local law grants to a chartered municipality all the powers that are conferred upon municipalities by the general laws of the State, such general grant of powers includes only those that are not inconsistent with the special charter act or with organic law. See Section 24, Article III, Constitution.

Section 1918, Rev. Gen. Stats., 1920, Section 3051, Comp. Gen. Laws, 1927, is inconsistent with the provision of the charter act defining the municipal boundaries; and neither Section 3051, nor the charter act authorizes the city boundaries defined in the charter act to be extended by action taken under Section 3051, Comp. Gen. Laws, 1927.

The action taken under Section 1918, Rev. Gen. Stats., 1920, Section 3051, Comp. Gen. Laws, 1927, to extend the municipal boundaries of the City of Homestead as defined by the charter act of 1925 was unauthorized and ineffectual to enlarge such boundaries. Where, as here, there is an entire absence of authority for the purported extension of the municipal boundaries that have been fixed by statute, and not a mere improper exercise of authority conferred, questions of individual estoppel do not ordinarily arise.

The *exclusion* of land from the boundaries of a municipality may involve the legality as affecting property rights, of the boundaries as fixed and thereby may be a judicial function. The exclusion of ''any lands which may from distance and other cause be virtually or commensurately excluded from the benefits of such municipality organization,'' is by Paragraph 2, Chapter 4601, Acts of 1897, and amended by Chapter 5197, Acts of 1903, under the Constitution of 1885, now Section 3049, Comp. Gen. Laws, 1927, made a subject of judicial procedure, at the suit of a land owner to adjudicate organic property rights that are directly involved in the boundaries fixed by law, and the language of Section 3049, is applicable to municipal boundaries defined by statute under Section 8, Article VIII, Constitution of 1885, as well as to boundaries fixed by local action taken in organizing municipalities under the general law. Phillips v. Town of Altamonte Springs, 92 Fla. 863, 110 So. R. 460; Town of Ormond v. Shaw, 50 Fla. 445, 39 So. R. 108.

In City of Orlando v. Orlando W. & L. Co., 50 Fla. 207, 39 So. R. 532, the municipal boundaries sought to be extended under the Act of 1879, do not appear to have been defined by statute.

The decision in Saunders v. Prov. Mun., 24 Fla. 226, 4 So. R. 801, has reference to the general municipal or-

ganization statutes enacted under the Constitution of 1868.

A judgment of ouster will be entered as to the territory' attempted to be added to the municipal boundaries of the City of Homestead as defined by the charter act, Chapter 11520, Acts of 1925.

It is so ordered.

TERRELL, C. J., AND ELLIS, STRUM AND BUFORD, J. J., concur.