FLORIDA EAST COAST RAILWAY COMPANY, a Florida Corporation, *Plaintiff in Error,* vs. MRS. HUGH TURNER,. *Defendant in Error.*

137 So. 255.

Division A.

Opinion filed October 27, 1931.

*Robert H. Anderson* and *Loftin, Stokes & Calkins,* for Plaintiff in Error;

*Philip E. Paine* and *Knight, Pace & Holt,* for Defendant in Error.

Per Curiam.—The writ of error here is taken to an order granting a new trial after a directed verdict in favor of the defendant. The trial court having taken the case from the jury by directing a verdict appears afterward to have concluded that under the circumstances existing he should not have done so and, therefore, granted a new trial.

We cannot say from an inspection of the testimony in the record, that the trial court was clearly in error in so ruling. When the question of negligence is to be determined upon a state of facts on which reasonable men may fairly arrive at different conclusions, the trial court is justified in submitting the question to the jury. Consumers Elec. Co. vs. Pryor, 44 Fla. 354, 32 Sou. 797; Southern Express Co. v. Williamson, 63 Sou. 433, 66 Fla. 286; Cobb vs. Twitchell, 108 Sou. 91 Fla. 539.

The appellate court will not reverse an order granting a new trial unless it clearly appears that a judicial discretion has been abused in its exercise resulting in injustice or that the law has been violated. Russ vs. Ga. Sou. & Fla. Ry. Co., 67 Fla. 224, 64 Sou. 782; Chaney vs. Roberts, 77 Fla. 324, 81 Sou. 475; Carney vs. Stringfellow, 73 Fla. 700, 74 Sou. 866; Lockhart vs. Butt-Landstreet, Inc., 91 Fla. 497, 107 Sou. 641; Suttles vs. Burbridge, 91 Fla. 273, 107 Sou. 646; Huston vs. Green, 91 Fla. 434, 108 Sou. 846.

The order appealed from should be affirmed and it is so ordered.

Affirmed.

Buford, C.J., and Ellis and Brown, J.J., concur.

Whitfield, P.J., and Terrell and Davis, J.J., concur in the opinion and judgment.