FRANK KLICH, *et ux.*, v. MIAMI LAND & DEVELOPMENT CO.

191 So. 41
Division B
Opinion Filed July 21, 1939

*Ira C. Haycock & Don E. Ferreyra,* for Plaintiffs in Error;

*J. M. Flowers,* for Defendant in Error.

WHITFIELD, P. J.—The Writ of Error was taken to an order granting a new trial after a directed verdict for defendants, as alleged by Section 4615 (2905) C. G. L. See Powell v. Jackson Grain Co., 134 Fla. 596, 184 So. 492; L. & N. R. Co. v. Wade, 49 Fla. 179, 38 So. 49; F. E. C. R. Co. v. Turner, 103 Fla. 300, 137 So. 255.

"On writ of error taken under the statute to an order granting a new trial in a civil action at law, the only questions to be considered are those involved in the order granting a new trial." H. N. 12, Ruff v. G. S. & F. Ry. Co., 67 Fla. 226, 64 So. 782.

In an action of ejectment brought by the record owner against those occupying the lands under tax deeds, there was a plea of not guilty and a stipulation of facts upon which the plaintiff below orally moved for a directed verdict, and the defendants filed a motion for a directed verdict upon grounds in substance that the tax deeds issued on municipal tax sale certificates sold to individuals, relied on by the defendants, are not void, but are *prima facie* valid on their face; and that it appears that the defendants and their predecessors in interest have been in actual continued occupation and use of the lands for four years before this action was begun, and that the action is barred by the statute, Section 1020 C. G. L.; and that rights of third parties were acquired after the assignment of the tax certificates by the town on which the tax deeds were issued.

The court directed a verdict for the defendants, and afterwards granted a new trial on motion of the plaintiff. If

the court directed a verdict for the defendants when the law required a verdict for the plaintiff, the order granting a new trial was proper and should be affirmed.

The question to be determined is whether the tax deeds are void or are voidable only. Though invalidity of the tax deeds under which the defendants claim, does not appear on the face of such deeds, yet they may be invalid if the tax assessments on which the tax deeds are predicated were *wholly unauthorized* by any statute; in such case the tax deeds may be void and will not bar an action to recover the lands duly bought under Section 1020 C. G. L. by the owner of the record title.

"A tax deed regular upon its fact, and which a statute has made *prima facie* evidence of the regularity of all the proceedings connected with the assessment and sale, but which is founded upon a void assessment, is a cloud upon title." H. N. 5, Sloan v. Sloan, 25 Fla. 53, 5 So. 603.

The stipulation specifies the conveyances of the record title from the State Trustees of the Internal Improvement Fund, culminating in a quit claim deed to the plaintiff corporation. The other paragraphs of the stipulation are as follows:

"2. That each of the above mentioned conveyances conveyed the following described real property, situate, lying and being in Dade County, Florida, to wit: Tracts One (1) and Two (2) of Block Three (3), of Section 21, Township 57 South, of Range 39 East, according to MIAMI LAND & DEVELOPMENT COMPANY'S SUBDIVISION of said lands as shown by plat thereof recorded in Plat Book 5, at page 10, of the Public Records of Dade County, Florida.

"3. That the plaintiff's claim of title in this cause is based solely upon said instruments so filed of record, as

aforesaid, and that there is no contest in this cause as to the validity of any such instruments.

"4. That the Town of Florida City, a municipal corporation of Florida, did levy taxes on the above described land for the year 1926, and subsequent years, and on the 5th day of September, 1927, sold the said land for non payment of said taxes so levied, and executed to the Town of Florida City, two (2) Tax Sale Certificates as follows, to-wit: (a) Certificate Number 961, covering Tract Number One (1), above described, * * * (b) Certificate Number 962, covering Tract Number Two (2), above described. * * *

"5. That both of said certificates were properly assigned by the said Town of Florida City, to one E. M. Foster.

"6. That on the 21st day of April, 1930, the said Town of Florida City, by E. B. Leatherman, Clerk of the Circuit Court of Dade County, Florida, made, executed and delivered to the said E. M. Foster its certain tax deed of that date conveying to the said E. M. Foster, Tract Number One (1) above described, under the said Tax Sale Certificate Number 961, which was not redeemed, which said Tax Deed was filed for record on the 23rd day of April, 1930, and recorded * * *

"7. That on the 21st day of April, 1930, the said Town of Florida City, by E. B. Leatherman, Clerk of the Circuit Court of Dade County, Florida, did make, execute and deliver to the said E. M. Foster, its certain Tax Deed of that date conveying Tract Number Two (2), above described, under Tax Sale Certificate Number 962, above mentioned, which said Tax Deed was filed for record in the office of the Clerk of the Circuit Court on the 23rd day of April, 1930, and recorded * * *

"8. That on the 18th day of April, 1934, the said E. M. Foster made, executed and delivered to the defendants in

this cause, Frank Klich and Mrs. Frank Klich, his wife, a quit-claim deed conveying the above described property, which said quit-claim deed was filed for record on the 20th day of April, 1934, and recorded * * *  .

"9. That this cause has been transferred to this Court from Chancery Case No. 41457, of the Public Records of Dade County, Florida, and that the defendants in this cause, and their predecessors in title have been in the actual, open, notorious, hostile and exclusive possession, occupancy and use of the above described property, for more than four (4) years prior to the institution of the said Chancery case.

"10. That the defendants in this cause, and their predecessors in title have been in possession of the property in the manner as above set forth for a period of less than seven (7) years, prior to the institution of the said Chancery case.

"11. That on the first day of May, 1934, a final judgment was entered in that certain cause, wherein the State of Florida on the relation of Cary D. Landis, Attorney General of the State of Florida, was plaintiff, and the said Town of Florida City was defendant, which said cause was a quo warranto proceeding at common law; was filed in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, being Common Law Case No. 15535, of said Public Records; that in and by said final judgment it was ordered and adjudged that said Town of Florida City be ousted and excluded from exercising any rights, powers, privileges, jurisdictions or functions of a municipality over and upon the lands above described; that it was further adjudged in said cause that the Ordinance of said Town under which the above mentioned Tax Certificates were issued, was unconstitutional and void, insofar as it pertains to the above described lands."

The court directed a verdict which was rendered for the defendants. A motion for new trial, on the grounds that the verdict is contrary to law and the court erred in directing the verdict, was granted, and the defendants took writ of error.

It appears that the Town of Florida City in Dade County, Florida, was incorporated by the inhabitants in 1914 under the general statutes of this State authorizing it, Section 2935 (1825), *et seq.*, C. G. L.; that the lands here in controversy were not included within the area incorporated by the inhabitants under the general statutes of Florida; that a statute enacted in 1915, Chapter 7158, Laws of Florida, ratified and confirmed the organization of the Town of Florida City, in Dade County, Florida, as a municipal corporation, and provided that "the said Town of Florida City is hereby declared to be a legally incorporated town, with all the powers, privileges, rights and franchises conferred upon such towns by the General Laws of this State."

Chapter 7158 ratified and confirmed the organization and incorporation of the Town of Florida City as it was "effected under the general law of this State for the incorporation of cities and towns." The general law requires the inhabitants of the area proposed to be incorporated to "designate by definite metes and bounds the territorial limits thereof." It was the organization and incorporation of the inhabitants in the area so designated that was ratified and confirmed by the statute of 1915, Chapter 7158. Such area so defined by "definite metes and bounds" became the statutory boundary limits of the Town of Florida City. which could not be added to except by statutory enactment. and could not be increased by city ordinance unless specifically so provided by statute. See State *ex rel.* v. City of Homestead, 100 Fla. 354, 130 So. 28; State *ex rel.* v. City

of Homestead, 100 Fla. 361, 130 So. 28; Sec. 24, Art. III, Constitution of 1885.

It is argued for the plaintiffs in error that in providing that "the said Town of Florida City is hereby declared to be a legally incorporated town, with all the powers, privileges, rights and franchises conferred upon such towns by the General Laws of this State."

"Chapter 7158, Acts of 1915, gave to the Town, without further legislative action, authority to add to its corporate limits under Section 3051 (1918), C. G. L., and that consequently the addition to the territorial limits of the Town by an ordinance of the Town dated December 22, 1925, after the enactment of Chapter 7158, Acts of 1915, was authorized and made the addition, including the lands in controversy, a part of the Town with authority to tax the added lands, thereby making tax assessments of the added area by the Town, and tax sale certificates and tax deeds predicated on the assessments valid if the taxes are duly levied and assessed, and not void but only voidable if such assessments or sales were irregularly made, since the Town would, as argued, then have authority to levy the taxes even if there was error in making the assessments, or the tax sales or tax deeds. But such argument is unsound since Chapter 7158, a special Act, changed the Town from one organized under the general law to a statutory municipality under Section 8, Article VIII, Constitution. Such special Act in approving and confirming the existence of the Town including its territorial limits designated by metes and bounds, as previously organized and incorporated by the inhabitants under the general law, Section 2935 (1825), *et seq.,* C. G. L., gave to the Town the status of a statutory municipality with all the authority conferred, including the provisions of the general laws giving authority to municipalities relative to

*the administration* of municipalities, not inconsistent with the special Act; but the authority so confirmed and conferred does not include power to add to the Town limits after the enactment of Chapter 7158, ratifying and confirming the Town area as it then existed. The Town had no statutory authority to add territory to the Town after the enactment of Chapter 7158, which made the Town a statutory municipality, and the ordinance attempting to add to the Town limits was unauthorized and was void *ab initio*. See State *ex rel.* v. City of Homestead, 100 Fla. 361, 130 So. 28; Sec. 24, Art. III, Constitution of 1885. If the added territory, including plaintiff's land, had been annexed to the Town by proper town action under Section 3051 (1918) C. G. L., *before* the enactment of Chapter 7158, Acts of 1915 and tax levies had been made by the Town upon lands duly annexed by the Town under Section 3051 (1918), *et seq.,* C. G. L., a different question would be presented here.

In Fla. Finance Co. v. Sheffield, 56 Fla. 285, 48 So. 42, 23 L. R. A. (N. S.) 1102, 16 Am. Cas. 1142, there was statutory authority to levy the tax, but the assessment was not made as the law required. See Day v. Benesh, 104 Fla. 58, 139 So. 448.

In Coombes v. City of Coral Gables, 124 Fla. 374, 168 So. 524, there was statutory authority to tax, but the *City* was not permitted to foreclose tax sale certificates where the *assessments* were *illegally* made.

In this case the plaintiff's lands were never legally incorporated in the Town by or under any statutory enactment, consequently the Town had no authority whatever to assess the lands, and tax sale certificates and tax deeds issued upon such assessments are void, and four years' occupancy is no bar to the action brought under Section

1020 C. G. L. to recover the lands from those holding only under the tax deeds.

No question of adverse possession under the seven-year statute of limitations is involved here. Sec. 4655 (2935) C. G. L.

The error in directing a verdict for the defendants claiming four years' occupancy under void tax deeds, was cured by the order granting a new trial on motion of the plaintiff below, which order is affirmed.

Affirmed.

BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.