SEBRING, Justice.
In 1925 the Legislature of Florida enacted Chapter 10951, Special Acts of 1925, entitled “An Act to Abolish the Present Municipal Government of the Town of Ocoee, in the County of Orange, and the State of Florida, and to Establish, Organize and Constitute a Municipality to be Known and Designated as The City of Ocoee, and to Define Its Territorial Boundaries, and Provide for its Form of Government, Jurisdiction, Powers and Privileges.”
Section 2 of the Act defined the corporate area of the newly created municipality, by means of metes and bounds description.
Section 67 of the Act empowered the City to change its territorial limits by the annexation of any unincorporated tract of land lying contiguous thereto, and specifically delineated the procedure by which such annexation should be effected.
At the time of the passage of Chapter 10951, the appellees owned certain parcels of land within the territorial limits of the City. During the years 1929 to 1931, inclusive, these parcels of land had been excluded from the corporate limits and jurisdiction of the City and released from all debts,' duties and liabilities of the City in proceedings instituted under section 3049, Compiled General Laws of 1927, section 171.02, Florida Statutes 1951, F.S.A.
In 1952 the City of Ocoee enacted certain ordinances in strict pursuance of section 67 ■of the charter act for -the purpose of annexing to the city the lands of the appellees formerly excluded from the City by the judgments entered in the aforementioned proceedings. Thereupon the appellees instituted the present suit to enjoin the City from annexing the lands upon the ground, among others, that section 67 of the charter act was not within the purview of its title, as required by section 16, article III, of the Florida Constitution, F.S.A., and hence that the City had no authority to annex the lands in the manner attempted.
A hearing was held on the petition in the cause and an answer filed thereto by the City, at the conclusion of which the trial court entered a decree in which it found (1) that section 67 of the charter act was unconstitutional because the subject of annexation of lands, with which the section dealt, was not within the purview of the title of the act, as required by section 16, article III, of the Florida Constitution, F.S.A., and (2) that the City was without authority to resort to the provisions of the general law dealing with the annexation of lands,by a municipality, section 171.04, Florida Statutes 1951, F.S.A., for the purpose of annexing the lands of the appellees. Based upon these findings, the trial court adjudicated that no authority existed in the City to annex the lands and hence that the ordinances enacted by the City were null and void.
This appeal is confined to the narrow issues raised by the findings in the trial court’s decree.
As we understand the law governing the annexation of lands by a municipality created by a special act of the Legislature, it is this:
Where the special act creating the municipality is silent as to the power of annexation, the municipality is powerless to extend its territorial boundaries by municipal action, for such boundaries may be extended only by an act of the Legislature. See State ex rel. Davis v. City of Homestead, 100 Fla. 354, 130 So. 28.
Where the special act creating the municipality authorizes the municipality to extend its boundaries, either by setting out the method of annexation to-be followed or by expressly empowering the municipality to use the method provided by the general statutes, • the municipality has the power to extend its boundaries in accordance with the procedure set out in the special act. See State ex rel. Landis v. Town of Lake Maitland, 117 Fla. 766, 158 So. 451; Klich v. *10 Miami Land & Development Co., 139 Fla. 794, 191 So. 41 City of Sebring v. Harder-Hall, Inc., 150 Fla. 824, 9 So.2d 350.
Where the special act creating the 'municipality confers the power of annexation upon the municipality, the title of the act, just as the title of all other statutes enacted by the Legislature, must be broad enough to give reasonable notice that such alut&ority is being or may be conferred by the provisions of the Act. This is so for the reason that section 16 of Article III of the Florida Constitution provides: “Each law enacted in the Legislature shall embrace but one subject and matter properly connected therewith, which subject shall be 'briefly expressed in the title”.
As to when a statute has met the requirements of section 16 of article III respecting what its title must contain in order to render the statute constitutionally operative, it should be understood that it is only the “subject” of the act that need be expressed in the title; there is no' requirement that “matter connected with the subject,” or that the '“object,” of the act, appear therein. Hayes v. Walker, 54 Fla. 163, 44 So. 747; Thompson v. State, 66 Fla. 206, 63 So. 423; Butler v. Perry, 67 Fla. 405, 66 So. 150; Ex parte Gilletti, 70 Fla. 442, 70 So. 446; Spencer v. Hunt, 109 Fla. 248, 147 So. 282.
Whether the statute meets the constitutional requirement in this particular is a problem of construction. If the “subject” of an act is expressed in the title with such certainty as to give reasonable notice of the scope of the act and of matters■ reasonably related to the “subject” that may be dealt with therein, the requirement has been met. Lainhart v. Catts, 73 Fla. 735, 75 So. 47; Spencer v. Hunt, supra.
In the determination as to whether provisions appearing in an act are “matters properly connected” with the “subject” thereof, the test is whether such provisions are fairly and naturally germane to the “subject” of the act, or are such as are necessary incidents to or tend to make effective or promote objects and purposes of legislation included in the “subject.” Smith v. Chase, 91 Fla. 1044, 109 So. 94; Spencer v. Hunt, supra; City of Jacksonville v. Basnett, 20 Fla. 525.
In the special act under assault, the general subject-matter with which the Legislature was dealing was the creation of a municipality by special charter. The title of the act by which the Legislature proposed to accomplish this'purpose gave notice that an existing municipality known as Town of Ocoee was to be abolished and that .a municipality to be known as the City of Ocoee was to be established, organized and constituted within a certain territorial area. The title also gave notice that the Legislature intended by the act to provide the new municipality with a specified form of government, and to confer upon the new municipality certain jurisdiction, certain powers and certain privileges^
Having in mind that a title of an act need not be an index to its contents, and need not express or refer to matters that are properly connected with the subject expressed in the title, the inquiry, is whether the title of the special act was sufficient to put the ap-pellees on notice that would reasonably lead to inquiry as to the contents of the act, and in particular, as to how or in what manner the jurisdiction, powers, and privileges to be conferred upon the municipality might affect persons and property within the proposed corporate area. See Smith v. Chase, 91 Fla. 1044, 109 So. 94; State ex rel. Attorney General v. Green, 36 Fla. 154, 18 So. 334; State ex rel. McQuaid v. County Comm. Duval County, 23 Fla. 483, 3 So. 193; State ex rel. Moodie v. Bryan, 50 Fla. 293, 39 So. 929.
We are of the opinion that such inquiry can lead to but one 'logical answer. The ap-pellees were on notice that the special act intended to confer certain-jurisdiction, powers and privileges up.on the municipality. 'If there. existed any confusion about the meaning, of the phrase “jurisdiction, .powers and privileges” we can think of no more appropriate place to look for an indication of what might, reasonably be encompassed in the phrase so far-as it might be applicable to the establishment and operation-of a mu *11 nicipal government than in the general statutes pertaining to the subject of municipalities.
At the time of the passage of the special act under consideration, Division I, Title X, of the Revised General Statutes, 1920, dealt exclusively with the subject “Cities, Towns and Provisional Municipalities” and with the “Organization and Powers” of such corporate entities. See sections 1832-1956, inclusive. A reference to section 1918, Revised General Statutes of 1920, would have disclosed that one of the powers given to municipal corporations created under general law was the power to extend corporate area by the annexation of contiguous lands. Incidentally, the wording of section 1918 and of section 67 of the special act is identical. We think, therefore, that when the title of the special act declared that certain “powers and privileges”' were to be conferred upon the newly created City of Oc-oee, this was enough to put the appellees on reasonable inquiry that the power of annexation might be given to this corporate organization.
In opposition to this line of thinking it is suggested -by the appellees that when the Ocoee charter act was passed in 1925 annexation by municipal ordinance was not one of the usual powers incident, nor a matter necessary to make effective or promote the objects and purposes of the creation of a municipality; that this is shown by the fact that in 1930 this Court, in State ex rel. Davis v. City of Homestead, 100 Fla. 354, 130 So. 28, held that under section 1918, Revised General Statutes of 1920, a municipality created by a special act of the Legislature had no power to extend its corporate limits by ordinance, but that the enlargement could be effected only by’ a special act of the Legislature.
We think the appellees have misconstrued the effect of the holding in State ex rel. Davis v. City of Homestead, supra. The ruling in that case was not that the Legislature might not confer upon a municipality created by special act the power to extend its boundaries by ordinance annexing con-¥ tiguous territory, but rather that such a municipality could not lawfully exercise such power unless the power had been specifically granted to it.
A wide latitude must of necessity be accorded the Legislature in its enactments of law. Before the courts will nullify statutes or portions thereof as not being within the purpose and scope of the “subject” as expressed in the title, and of “matter properly connected therewith”, a plain case of violation of the organic law must be shown. Butler v. Perry, 67 Fla. 405, 66 So. 150, 152. And where by any reasonable intendment the title of an act is sufficiently broad to include within a statute any provision that may be fairly said to be properly connected with the “subject,” such provision will not be declared inoperative. Howarth v. City of DeLand, 117 Fla. 692, 158 So. 294. It is only when the title is deceptive or misleading, as well as inartificial as an expression of the subject matter to be dealt with therein, that a provision of an act will be declared unconstitutional on account thereof. State ex rel. Municipal Bond & Investment Co. v. Knott, 114 Fla. 120, 154 So. 143.
Judged by these standards we are impelled to hold that the title of the special act creating the City of Ocoee was broad enough to put the appellees on notice that the right of annexation might reasonably be included in the powers and privileges about to be conferred upon the new municipality.
In respect to the declaration in the title that the municipal boundaries were to be “defined,” we do not think such language would lead anyone to believe that the boundaries were to be permanent forever, or that the act would not grant authority to the municipality to change them; especially where, as here, the title gives notice that powers and privileges are also to be conferred. All municipalities, whether created under general or special law, have their boundaries defined at the outset of their existence. Such words in the title of the charter act must be taken to mean that a particular clause of the act will designate with certainty the area encompassed within the municipality to which power is granted, but not as necessarily defining or restricting power. See Saunders v. Provisional Municipality of Pensacola, 24 Fla. 226, 4 So. 801.
*12 Should the conclusion we have reached appear to be in conflict with what has heretofore been said by this court in State ex rel. Landis v. City of Hollywood, 130 Fla. 364, 178 So. 412, the holding in such previous case is hereby overruled and receded from to the extent of such conflict.
As noted at the outset, this opinion is confined to the narrow issue presented on this appeal. No other issues were ruled on by the trial court and hence may not be considered here. The degree' appealed from should be reversed for the reasons we have stated and the case should go 'back with directions that the trial court consider such other questions of law and fact as may be proper in the light of this opinion.
It is so ordered.
ROBERTS, C. J., and TERRELL, MATHEWS and DREW, JJ., concur.
THOMAS and HOBSON, JJ., dissent.