BARNS, PAUL D., Justice (Ret.)
(dissenting).
The appellants, as plaintiffs, sought declaratory decrees and other relief in equity against the individual appellees as officials of the City of Ocala and against the City. After answers were filed and pre-trial conference, the chancellor, by final decree, found the equities to be with the defendants and against the plaintiffs and that Chapter 29,326, Laws of Florida (1953), was not unconstitutional ; thereupon, the plaintiffs appealed. I find error and would reverse.
Appellants, by their complaints, assignments of errors and briefs, contend that Chapter 29,326, Laws of Florida, 1953, is unconstitutional. I agree. Without fixing the limits of any area, Chapter 29,326 provides that the City of Ocala may extend its corporate limits so as to include adjacent territory after the adoption of an ordinance to that effect and approval by a majority of the qualified electors of the City and the area sought to be annexed.
The City passed an ordinance providing for the annexation of two different zones on adjacent territory; and upon referendum, the vote was favorable for annexation. Thereupon, the plaintiffs, being property owners in the two zones sought to be annexed, brought separate actions on like grounds, seeking relief against annexation.
Section 8, Article VIII of the Constitution of Florida, provides that, “The Legislature shall have power to establish, and to abolish, municipalities to provide for their government, to prescribe their jurisdiction and powers, and to alter or amend the same at any time.” The City of Ocala was chartered by Chapter 7676, Laws of Florida, 1917, which charter defined its powers and fixed its jurisdictional boundaries as to territory.
State ex rel. Davis v. City of Homestead, 1930, 100 Fla. 354, 130 So. 28, held that, “[w]here the jurisdiction and boundaries of a municipality are fixed by statute, they may be extended at any time by statute, but not otherwise as the law now is” and that the City’s attempt to annex adjacent territory was ineffective. In that case, boundaries of the City of Homestead had been fixed by a legislative act and the City attempted to extend its boundaries pursuant to Chapter 6940, Acts 1915, and the court held that this general law of 1915, authorizing extension of corporate limits, applied to self-created municipalities and not to *732 those -municipalities whose powers and jurisdiction were fixed by a special act of the Legislature pursuant to Section 8, of Article VIII of the Constitution, citing Pursley v. City of Fort Myers, 87 Fla. 428, 100 So. 366.
Pursley v. Fort Myers, supra, likewise involved proceedings by which the City, under authority of Chapter 6940, supra, attempted to enlarge its powers and this Court held that: “Section 8 of article 8 of the Constitution, empowers the Legislature to establish and to abolish municipalities, to provide for their government, and to prescribe their jurisdiction and powers and to alter and amend the same at any time, is an exclusive assignment of power to the Legislature” (italics supplied). Hence, the City could not enlarge its powers under the general law.
Klich v. Miami Land and Development Co., Fla.1939, 139 Fla. 794, 191 So. 41, held that the attempt of the Town of Florida City to extend its boundaries was void ab initio. The Town was originally self-incorporated under the general law which incorporation was ratified and confirmed by Chapter 7158, Special Acts, 1915, providing that, “The said Town of Florida City is hereby declared to be a legally incorporated town, with all the powers, privileges, rights and franchises conferred upon such towns by the General Laws of this State [of Florida].” Section 1 of Chapter 6940, Acts, 1915, (now Section 166.01, F.S.A. of the general laws) provided that, “Every city and town in the State of Florida, whether incorporated by a special act or under the general laws of the State relating to cities and towns * * * may extend its territorial boundaries as provided by law.” The court held that upon the legislature confirming and approving the self-incorporation charter by the special act, the Town became incorporated as a statutory municipality under Section 8 of Article VIII of the Constitution and that the attempted extension of its boundaries was void, citing State ex rel. Davis v. City of Homestead, 100 Fla. 361, 130 So. 28, for authority.
In creation of a municipality there is nothing more fundamentally essential than the fixing of its territorial jurisdiction; and it is likewise fundamental that when the Legislature has enacted a law that only the Legislature may amend it. To annex territory to the corporate limits of a municipality would enlarge its jurisdiction and when the territorial limits have been fixed by law, they can only be altered by law. The decisions in the Homestead, Fort Myers, and' Klich cases, above cited, holding that the-legislative established charters of the municipalities involved could not be altered except by the Legislature, ar® well supported by the principle of law prohibiting the delegation of legislative power. As-stated in 6 Fla.Jur., Constitutional Law, §j 147, p. 393:
“It is fundamental that the Legislature may not, except when authorized by the Constitution, delegate its legislative power, that is, the power to enact laws or to declare what the law shall be or to exercise an unrestricted' discretion in applying a law. Unlawful' delegations of legislative power are ineffectual, and in appropriate proceedings, an invalid attempt to delegate-legislative power may be adjudged by the courts, whereupon the Constitution-by its superior force renders the enactment inoperative.”
However, as stated in 6 Fla.Jur., Constitutional Law, § 148, p. 394:
“While the Legislature cannot delegate its power to make a law, it can make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend.”
It is my conclusion that Chapter 29,326¿. Laws of Florida, 1953, attempts to delegate legislative power to amend the legislative charter of Ocala as to its jurisdiction and is unconstitutional and void.
I would reverse and remand for proceedings not inconsistent.