STATE, *ex rel.* CARY D. LANDIS, Attorney General, v. CITY OF SANFORD.

152 So. 193.
Opinion Filed January 16, 1934.

*Counts Johnson* and *Cary D. Landis,* Attorney General, for Relator;

*Fred R. Wilson, L'Engle & Shands* and *Francis P. Fleming,* for Respondent.

WHITFIELD, J.—In quo warranto proceedings it is sought to have the municipality ousted of jurisdiction over that part of its assumed territory which is not included in the description contained in Section 6, Chapter 9897, Acts or 1923, which is:

"Commencing at a point eighty rods west and eighty rods

north of a point where the south shore line of Lake Monroe, in Seminole County, State of Florida, is intersected by the west boundary line of Section twenty-nine (29), of township nineteen (19) south, range thirty-one (31) east; run thence south to the middle of the southeast quarter of Section thirty-one (31) of the same township and range; run thence west to a point eighty rods south of the middle of section thirty-six (36) of township nineteen (19) south, range thirty (30) east; run thence north to the middle of said section thirty-six (36); thence west to the middle of section thirty-five (35) of same township and range; thence north along the middle line of said section thirty-five (35) to the north boundary line of said section thirty-five (35); thence west to the northwest corner of said section thirty-five (35); thence north along the west line of sections twenty-six (26) and twenty-three (23) of township nineteen (19) south, range thirty (30) east, to a point eighty rods north of the south shore line of Lake Monroe aforesaid; run thence southeasterly parallelling the south shore line of said lake to point of beginning; and such territory so bounded shall be and continue to be the Municipal Corporation designated as aforesaid."

It appears that House Bill No. 713, which became Chapter 11135, Acts of 1925, was introduced and passed by each House of the Legislature with a title to amend Section 8 of Chapter 9897, Acts of 1923, but when the bill was enrolled and signed by the officers of each House and approved by the Governor, it had a title to amend Section 6 of Chapter 9897, Acts of 1923. Section 6 of Chapter 9897 describes the municipal territory, while Section 8, Chapter 9897 relates to the city commission.

The legal effect of the provisions of Section 16, Article III, of the Constitution is that when a legislative bill is

introduced and voted on by the members of the Legislature, such bill shall briefly express the subject of the bill so as to give fair and not misleading notice of the purport of the bill to the public who may be interested, as well as to the members of the Legislature.

In this case, the legislative journals show that the bill, which was introduced in the House and which was passed by each House, was entitled, "A Bill to Amend Section 8 of Chapter 9897, Acts of 1923," which section related to a city commission, while the bill which was enrolled and signed by the legislative officers and approved by the Governor, was entitled, "A Bill to Amend Section 6 of Chapter 9897, Acts of 1923," which section describes the territory incorporated in the municipality. The subjects of the two sections are wholly different, though both have relation to, and are integral parts of the Municipal Charter Act.

The difference in the section numbers expressed in the title of House Bill No. 173, before and after its passage, cannot fairly be regarded as an immaterial clerical error; because the title to the bill as it was introduced and passed was misleading as to the subject of the bill, since, as shown by the contents of the bill and by its title when it was enrolled and signed by the legislative officers and approved by the Governor, the subject and purpose of the bill was to amend Section 6 of Chapter 9897 relating to the incorporated territory, and not to amend Section 8 of Chapter 9897 relating to the city commission as was expressed in the title of the bill when it was introduced and passed by each House of the Legislature.

The necessary result is that because of the misleading title, the enactment of House Bill No. 713 which is printed in the session laws as Chapter 11135, Acts of 1925, was in-

operative under Section 16, Article III of the Constitution to amend Section 6 of Chapter 9897, Acts of 1923.

In 1931 the Legislature enacted three laws now to be considered:

## "Chapter 15836.

"An Act to Ratify, Validate and Confirm the Assessments of All Real and Personal Property Taxes Made by the City of Sanford; Florida, Subsequent to the 23rd Day of May, 1925, Within the Boundaries of Said Municipality as Described in Chapter 11135, Laws of Florida, Acts of 1925, and to Authorize Said City of Sanford, Florida, to Collect Such of Said Taxes as Have Not Been Paid in the Manner now Provided by Law.

"Be it Enacted by the Legislature of the State of Florida:

"Section 1. That all assessments of real and personal property taxes made by the City of Sanford, Florida, subsequent to the 23rd day of May, 1925, upon all real and personal property situate within the following described boundaries, to-wit:"

After describing the lands, Section 1 continues: "be and the same are hereby validated, ratified and confirmed and any of such taxes which have not been paid are hereby declared to be valid and binding liens against the property upon which assessed until paid and said City of Sanford, Florida, is authorized to proceed in the manner now provided by law for the collection of said unpaid real and personal property taxes."

## "Chapter 15837.

"An Act to Ratify, Validate and Confirm all Special Assessments for Public Improvements Made by the City of Sanford, Florida, Subsequent to the 23rd day of May, 1925, Within the Boundaries of Said Municipality as Described in Chapter 11135, Laws of Florida, Acts of 1925,

and to Authorize said City of Sanford, Florida, to Collect Such Special Assessments as Have not·Been Paid in the Manner Now Provided by Law.

"Be It Enacted by the Legislature of the State of Florida:

"Section 1. That all special assessments for public improvements made by the City of Sanford, Florida, subsequent to the 23rd day of May, 1925, within the boundaries of said municipality as described in Chapter 11135, Laws of Florida, Acts of 1925, be, and the same are hereby ratified, validated and confirmed and said City of Sanford, Florida, is hereby authorized to collect such special assessments as have not been paid in the manner now provided by law."

"CHAPTER 15838.

"An Act to Validate and Confirm the Boundaries of the Municipality of the City of Sanford, Florida, as Described in Chapter 11135, Laws of Florida, Acts of 1925, Entitled: 'An Act to Amend Section 6, of Chapter 9897, Laws of Florida, 1923,' Same Being an Act Entitled: 'An Act to Abolish the Present Municipal Government of the City of Sanford, Seminole County, State of Florida, and to Organize, Incorporate and Establish a City Government for the Same, and to Prescribe the Jurisdiction, Powers and Functions of said Municipality.'"

There are several "whereases," among them being:

"Whereas, said City of Sanford, Florida, has since the enactment of said Chapter 11135 amending Section 6 of said Chapter 9897, Laws of Florida, 1923, defining the boundaries of said municipality, exercised authority over and upon the territory added to said municipality by said amendment and made improvements therein and assessed taxes thereon and made special assessments for public improvements therein;

"Now, Therefore, Be It Enacted by the Legislature of the State of Florida:

"Section 1. That Chapter 11135, Laws of Florida, Acts of 1925, entitled: 'An Act to Amend Section 6 of Chapter 9897, Laws of Florida, 1923, same being an Act entitled 'An Act to abolish the present municipal government of the City of Sanford, Seminole County, State of Florida, and to organize, incorporate and establish a City Government for the same, and to prescribe the jurisdiction, powers and functions of said municipality,' which said Chapter 11135 purported to Amend Section 6 of Chapter 9897, Laws of Florida, 1923, relating to the Boundaries of Said City of Sanford, Florida, be, and the same is hereby ratified, validated and confirmed and the boundaries of said Municipality of the City of Sanford, Florida, are hereby declared to be as set forth in said Chapter 11135, Laws of Florida, Acts of 1925, as and of the 23rd day of May, 1925, that is to say, as follows:"

Then follows in Section 1, Chapter 15838, a description of the territory contained in Chapter 11135, Acts of 1925, which description is as follows:

"Beginning at a point in Lake Monroe one-half mile North of the East Quarter (E¼) section corner of Section 30, Township 19, South of Range 31 East, Seminole County, Florida; thence run South three-quarters of one mile to the Northeast corner of the Southeast Quarter (SE¼) of the Southeast Quarter (SE¼) of said Section 30; thence West one-quarter of a mile; thence South two and one-quarter miles more or less to the Southeast corner of the Southwest Quarter (SW¼) of the Southeast Quarter (SE¼) of Section 6, Township 20 South of Range 31 East; thence West three miles more or less, to the Southwest corner of the Southeast Quarter (SE¼) of the Southeast

Quarter (SE¼) of Section 3, Township 20 South of Range 30 East; thence North two and three-quarters miles more or less to the North line of St. Gertrude Avenue; thence West 95 feet more or less to the Southeast corner of Lot forty-five (45) in the Plat of Celery Plantation; thence North 1455 feet to the North line of Section 27, Township 19 South Range 30 East, at a point 1414.6 feet West of the Northeast corner of said Section 27; thence North 54 degrees ten minutes West approximately one and one-quarter miles to the East line of the Southwest Quarter (SW¼) of the Northeast Quarter (NE¼) of Section 21, Township 19 South of Range 30 East, at a point directly West of the Northwest corner of Lot Thirty-five (35) in the Plat of St. Josephs; thence North five-eighths of one mile to a point in Lake Monroe; thence Southwesterly through said Lake approximately four and forty-five hundredths (4.45) miles to beginning."

While Chapter 15838 does not make Chapter 11135 operative to increase the territory within the municipality, Chapter 15838 does declare that the municipality has exercised authority over and upon the territory described in Chapter 11135, Acts of 1925, and also described in Chapter 15838, and that the municipality has made improvements therein and assessed taxes thereon and made special assessments for public improvements therein; and enacts that "the boundaries of said municipality of the City of Sanford, Florida, are hereby declared to be as set forth in Chapter 11135, Laws of Florida, Acts of 1925, as and of the 23rd day of May, 1925. Such boundaries are set out in Chapter 15838, as well as being referred to as contained in Chapter 15838, which Act is a public record even though it be not operative as a law.

The legal effect of Chapter 15838 is to enact that as the

city has exercised authority over territory described in the Act itself, such exercise of municipal authority is ratified, validated and confirmed by the Act, Chapter 15838. The Act is not an amendment or revision of Chapter 11135, but an enactment ratifying and confirming municipal action taken without previous authority duly conferred, which is within the legislative power particularly when the ratifying Act states that the city has made improvements in the controverted territory for municipal purposes.

It seems apparent that the legal effect of Chapters 15836 and 15837, Acts of 1931, is to confirm and ratify municipal taxes and special assessments levied on property in territory that is described in Chapter 15836 and in Chapter 11135, which latter chapter, though not an operative law, is a public record which may be referred to in enacting a statute to ratify municipal action already taken for municipal purposes, no provision or principle of organic law being thereby violated.

The demurrer to the information is sustained.

DAVIS, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.