THE STATE, *ex rel.* CARY D. Landis, Attorney General, v. CITY OF HOLLYWOOD.

178 So. 412.
Division A.
Opinion Filed December 16, 1937.
Rehearing Denied February 7, 1938.

*John D. Kennedy, Vincent C. Giblin* and *Talbot Whitfield, Jr.,* for Informant;

*C. H. Landefeld, Jr.,* for Respondent.

BUFORD, J.—In this case the Attorney General challenges by information in the nature of quo warranto to oust the jurisdiction of the City of Hollywood over certain territory over which it claims the right to exercise jurisdiction pursuant to action taken under the provisions of Section 1, Article XXV, of Chapter 12877, Special Acts of 1927, and asserts the invalidity of Section 1, Article XXV, of Chapter 12877, *supra.* That section reads as follows:

"Section 1. Annexation of Unincorporated Contiguous Territory.—The City Commission, by resolution, adopted by four-fifths vote thereof, may extend and/or enlarge the

corporate limits of the City of Hollywood by annexing thereto an unincorporated contiguous territory within two miles of its corporate limits. The corporate limits as so extended and/or enlarged shall become effective after the publication once each week for three consecutive weeks in a newspaper published in the City of Hollywood, or if there be no newspaper published in the City of Hollywood, then in a newspaper published in Broward County, State of Florida."

The title to the Act is as follows:

"AN ACT to Abolish the Municipality Created by Chapter 11519 of the Acts of the Legislature of the State of Florida, Approved November 25, 1925, and designated the City of Hollywood, County of Broward, State of Florida, and to Create and Establish a Municipal Corporation to Be Known as the City of Hollywood; to Provide a Charter for said City; to Define its Territorial Limits; to Provide for its Government; and to Prescribe its Jurisdiction."

The ground of challenge is that Section 1 of Article XXV is not within the purview of the Act and further that the provisions of Section 1 of Article XXV unlawfully delegate legislative power.

Section 1 of Article II of the Act is as follows:

"Section 1. Jurisdiction and Boundaries.—Said City of Hollywood shall have jurisdiction over all that territory in the County of Broward, State of Florida, embraced within the limits and boundaries defined as follows: * * *"

(Then follows a definite description of the territory embraced.)

If the provisions of Section 1, Article XXV, could have validly been included in an Act of this character, such provisions were clearly not embraced within the purview of the title of the Act. The title of the Act, in part, was: "To Define its Territorial Limits."

Article II of the Act definitely defined the territorial limits and there is nothing in the title of the Act to indicate that the Act was to apply to any territory except that which was defined in the Act. The inclusion of the provision contained in Section 1 of Article XXV was without force or effect because of the limitation contained in the title and, therefore, there is no authority established under the provisions of that section of the Act. Sheip Co. v. Amos, 100 Fla. 863, 130 Sou. 699; State, *ex rel.* Landis, v. Carl Ault, *et al.,* filed at this Term of the Court, and cases there cited.

It is not necessary for us to adjudicate the question as to whether or not such a provision as is contained in this Act could in any event be a valid provision and, therefore, we refrain from any expression at this time in regard thereto.

For reasons stated, the demurrer to the answer should be sustained and the writ of ouster awarded.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.