This is an action in ejectment in which the appellant was plaintiff below and the appellees were defendants. Final judgment in favor of the defendants was entered by the Circuit Judge upon a motion for final judgment as provided in Common Law Rule No. 85.
Final judgment as entered by Judge Chillingworth is as follows:
"This cause was duly presented by counsel for the parties upon motions filed respectively October 20, 1948, November 12, 1948, November 22, 1948 and December 1, 1948.
"Each side seeks a final judgment without further ado. While the pleadings have reached considerable proportions, this suit is really a comparatively simple ejectment suit.
"Plaintiff, as the purchaser at a Judicial sale, held in November 1945, in connection with the foreclosure of a boom-time mortgage, which had been dormant for many years, but assigned in 1942, brought this suit against the defendants who claim under certain municipal tax deeds issued in the years 1929, 1930, 1937 and 1938.
"It appears that if the tax deeds are valid, notwithstanding the objections enumerated *Page 713 
by the plaintiff, a judgment should now be entered for the defendants.
"If the tax deeds are invalid, because of any of the objections enumerated by the plaintiff, then the case should proceed to a jury trial on the pleas for a determination of such rights, if any, as may be possessed by the parties.
"Three principal objections are urged as to the tax deeds. Briefly stated, they are, first, as to the descriptions, second, as to the issuance of some of the tax deeds in the name of the City of Hollywood by the Clerk of the Circuit Court, notwithstanding the fact that the municipality at the time of the execution of the deeds was known as Dania, and was not then a part of Hollywood, and third, as to the designation of the owner as unknown rather than the name of Mamie Jiggetts Tillie, the real owner, in the notice of the application for the tax deed.
"As to the descriptions, it is urged that `Lot 1, Block 15, Dania' in Broward County, Florida, is wholly insufficient. The original plat filed in 1896 designated the area as the Town of Modello. When the area was in fact incorporated in 1904, it was called Dania. Ever since then the area formerly known as Modello has been known as Dania. There is no plat bearing the name of `Dania' standing alone. There was no Block 15 in the City of Dania in 1929 and 1930 — except in a subdivision known as Tiger Tail Grove, one in a subdivision known as Pasadena in Hollywood, and the one in question designated Modello, but known as Dania. There was no other plat to confuse anyone, for Dania was generally known for considerably over a quarter of a century as the former area of Modello.
"More could not be stated — as contained in the various motions and affidavits and maps attached to various parts of the record now before the Court as to the descriptions, but the Court finds that the description in each tax deed is one by which the identity of the land can be established. There is nothing to indicate that the plaintiff — or anyone else — was in any way confused about the identity of the land or the existence of these tax deeds thereon, or the actual possession of the defendants during all these years — and long prior to plaintiff's acquisition of any interest in the property.
"This case is more akin to the decision of Day v. Benesh,104 Fla. 58, 139 So. 448, and Mitchell v. Moore, 152 Fla. 843, 13 So.2d 314, than the case of Kester v. Bostwick, 153 Fla. 437, 15 So.2d 201, which latter case involved land in an unincorporated area and with a number of subdivisions bearing the same name.
"No useful purpose would be served in discussing the remaining contentions of plaintiff, but the Court finds that they are without merit as valid attacks upon the tax deeds of the defendants.
"In this stage of the case there appears to be no disputed issue of fact. Under Common Law Rule 85, which is considered by the parties and by the Court as being a sufficient authority for the entry of a final judgment, it seems that one should be entered. Thereupon,
"It Is Ordered And Adjudged that the Court finds for the defendants as a matter of law upon this record; that a judgment be and is hereby entered in favor of the defendants as against the plaintiff; that plaintiff take nothing by his plaint; and that the defendants go hence without day, with costs taxed against the plaintiff.
"Done And Ordered this December 9th, A.D. 1948.
"C.E. Chillingworth "Circuit Judge."
In and by the foregoing final judgment the learned Circuit Judge correctly settled all of the questions which were presented to him at the time of its entry.
Appellant filed a motion to arrest and vacate final judgment and subsequently filed a supplemental motion to vacate and set aside said judgment. Both motions were denied. The only point presented by either of these motions which is deemed worthy of discussion and which was not disposed of by the final judgment is the averment that plaintiff had learned of newly discovered evidence. The newly discovered evidence (if, indeed, it properly can be so denominated) was that the City of Hollywood, Florida, did not have power to extend its boundaries under the title of its *Page 714 
charter, Chapter 11519, Special Acts of 1925, Ex.Sess., by annexation. In support of this contention, appellant cites the case of State ex rel. Landis, Attorney General, v. City of Hollywood, 130 Fla. 364, 178 So. 412.
Appellant insists that this Court in the foregoing case considered the identical proposition which is now before the Court in construing the right of said City to extend its boundaries under Chapter 12877, Special Acts of 1927. Section 1, Article 25, of said Act attempted to vest in said City the power to extend its boundaries. The title of the Act recited "to Define its Territorial Limits". The title of Chapter 11519, Special Acts of 1925, Ex.Sess., contains a similar recital, to-wit: "and to Define Its Territorial Boundaries".
In the Landis v. City of Hollywood case we held Section 1 of Article 25 was invalid because of the limitation contained in the title of the Act. The title discloses that the Act itself would define the territorial limits of the City of Hollywood and the provisions contained in Section 1, Article 25, which provided that the City Commission might by resolution adopted by 4/5 vote thereof extend or enlarge the city limits of the City of Hollywood by annexing thereto an unincorporated contiguous territory within two miles of its corporate limits, was invalid for there was nothing in the title of the Act to indicate that the Act was to apply to any territory except that which was defined in the Act. It was clear that the title of the Charter of the City of Hollywood, Chapter 12877, Special Acts, 1927, expressly disclosed the fact that the Act would define the territorial limits of the City and gave no indication that the Act would have included in it provisions which would give to the City Commission the right to extend the City's boundaries or corporate limits by annexation.
The analogy, which counsel for appellant finds between the ruling in that case with reference to Chapter 12877, Special Acts of 1927, and the Charter Act, Chapter 11519, Special Acts of 1925, Ex.Sess., is patent. It may be if the latter Act had been challenged before the passage of Chapter 12877, Special Acts, 1927, the same ruling would have been made. However, appellant apparently failed to give due consideration to Article 1, Section 6, of Chapter 12877, Special Acts of 1927, which reads as follows: "All property which has been heretofore assessed and taxes levied thereon by the municipality hereby abolished from the date of its incorporation until the present, shall continue to be liable for said taxes so assessed and said taxes shall be debts owing and due the municipal corporation hereby created;any property heretofore included within the territorial limitsof said abolished municipality, whether made a part of saidabolished municipality, City of Hollywood, by act of Legislature,vote of its residents, ordinances of the City of Hollywood, or byany other means, which property has been assessed for taxation and taxes levied thereon, shall not be relieved of the obligation of paying the taxes heretofore assessed and levied; and saidassessments and tax levies are hereby ratified, confirmed and validated; all rights heretofore conferred on the City of Hollywood for the collection of taxes heretofore levied and any new rights conferred by this Act upon the City of Hollywood for the purpose of collecting taxes shall be effective as to all property heretofore or hereinafter assessed by the City of Hollywood." (Italics supplied.)
The above section of the statute expressly validated the 1926 assessment of taxes by the City of Hollywood. We held in the case of State ex rel. Landis v. City of Sanford, 113 Fla. 750,152 So. 193, that the legislature has the power to ratify and confirm municipal action taken without previous authority. Consequently, the Circuit Judge was not in error when he denied both motions to vacate and set aside the final judgment. We have previously stated, and now hold, that the final judgment is free from error.
Affirmed.
ADAMS, C.J., and CHAPMAN and SEBRING, JJ., concur. *Page 715