A. E. SMITH, *Plaintiff in Error,* v. HENRY R. CHASE, AS SHERIFF OF DADE COUNTY, FLORIDA, *Defendant in Error.*

Division B.

Opinion filed June 5, 1925.

*Loftin, Stokes & Calkins,* for Plaintiff in Error;

*J. B. Johnson,* Attorney General, and *Roy Campbell,* Assistant, for Defendant in Error.

WHITFIELD, P. J.—In habeas corpus proceedings before the Circuit Judge, the petitioner charged with the statutory offense of aiding in the publication of a false written statement or representation concerning land, under Chapter 10233, Acts of 1925, was remanded to custody and was allowed and took writ of error.

It is argued that section 11 of the statute is invalid because in violation of Section 16, Article III, Constitution,

in that the title contains a subject affecting real estate brokers and real estate salesmen while the provision defining this offense is a separate subject applicable to persons generally and is not properly connected with the subject expressed in the title of the act; and that the information is fatally defective.

The title of Chapter 10233 and section 11 thereof involved herein are as follows:

"AN ACT Providing for the Licensing, Regulating and Registering of and Defining the Terms 'Real Estate Brokers' and 'Real Estate Salesmen,' Empowering the County Judges to Grant, Suspend or Revoke Licenses and Prescribing the Procedure; Creating the Real Estate Brokers' Registration Board, Providing for Appointment of its Members, its Powers and Duties, Providing for its Expenses to be paid Out of the 'Real Estate Brokers Registration Fund' Herein Created, Prescribing Certain Offenses and the Penalties for Violating the Provisions Thereof."

"Section 11. Every officer, agent or employee of any company, and every other person who knowingly authorizes, directs or aids in the publication, advertising, distribution or circulation of any false written statement or representation concerning any land or subdivision thereof offered for sale, and every person, who with knowledge that any advertisement, pamphlet, representation or letter concerning any said land or sub-division contains any written statement that is false or fraudulent, issues, circulates, publishes or distributes the same, or shall cause the same to be issued, published or distributed; or who, in any other respect wilfully violates or fails to comply with any of the provisions of this Act, shall be guilty of a misdemeanor, and shall be punished as hereinafter provided. It shall be the duty of the County Solicitor and State's Attorney, in and for each County, to prosecute all violations."

The Constitution contains the following: ''Each law enacted in the legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title.'' Sec. 16, Article III.

The purpose of the first clause of Section 16, Art. III of the State Constitution are singleness of the subject of a legislative enactment and to require the title of an act to give a fair and reasonable notice to the legislators and the public of the nature of the provisions contained in the act. The subject of an enactment may be as broad or as restrictive as the legislature may determine, in the absence of controlling organic provisions. The subject expressed in the title may be broader or more comprehensive than the subject covered by the provisions of the act.; but the subject expressed in the title should not be less comprehensive than the subject contained in the body of the act.

All the provisions contained in an act must be of such a nature as to be fairly included within the subject expressed in the title of the act, or be matters properly connected with the subject expressed in the title; otherwise the required notice would not be duly given of the contemplated enactments and the quoted organic provision would be violated. The title should at least be sufficient to put all interested persons on notice that would reasonably lead to enquiry as to the contents of the act; and when the title is restrictive, matters not a part of or properly connected with such restrictive subject, as it is reasonably and fairly understood, cannot be incorporated in the act without violating the organic provision.

The title to Chapter 10233 expresses a number of matters all of which, including the offenses and penalties, may relate to the limited subject of licensing and regulating ''Real Estate Brokers'' and ''Real Estate Salesmen,'' while section 11 of the act defines a crime of general appli-

1050

cation to all persons, which provision is broader than the
subject expressed in the title and is not matter properly
connected with the narrower subject expressed in the title.
See Ex parte Knight, 52 Fla. 144, 41 South. Rep. 786;
State *ex rel.* Gonzalez v. Palmes, 23 Fla. 620, 3 South. Rep.
171; Savannah, F. & W. Ry. Co. v. Geiger, 21 Fla. 669.

The constitution only requires the subject of a legisla-
tive act to be "briefly" expressed in the title; but an
elaborate title may not violate the constitution if it ex-
presses only a single subject. The title need not be an
index to the contents of the act; and the title need not
express or refer to matters that are properly connected
with the subject expressed in the title; but the title must
not express two distinct subjects; and the act must not
contain any provision that is not covered by the single
subject expressed in the title or that is not matter properly
connected with or germane to the subject that is stated in
the title.

A wide latitude must of necessity be accorded the legis-
lature in its enactments of law; and it must be a plain
case of violating the requirements of the organic law as to
titles of acts before the courts will nullify statutes or por-
tions thereof as not being within the purpose and scope of
the subject as expressed in the title and of "matter proper-
ly connected therewith." Butler v. Perry, 67 Fla. 405, 66
South. Rep. 150.

But where it clearly appears that matter contained in
the body of an act does not relate to the subject, whether
restricted or broad, that is expressed in the title or is not
matter properly connected with such subject, it is the duty
of the court, in appropriate proceedings, to so adjudicate,
whereupon the constitution by its own dominant force,
renders inoperative such provision. Carr v. Thomas, 18

Fla. 736; Wade v. Atlantic Lumber Co., 51 Fla. 628, 41 South. Rep. 72.

Provisions that are necessary incidents to or that tend to make effective or to promote the object and purpose of the legislation that is included in the subject expressed in the title of the act, may be regarded as matter properly connected with the subject of the act, as in People v. Newcom, — Ill. —, 149 N. E. Rep. 269; but where such provisions constitute a broader or an essentially different subject that is not properly connected with the stated subject of the act, such provisions violate Section 16, Article III of the Constitution, and are inoperative. See Prairie Pebble Phosphate Co. v. Silverman, 80 Fla. 541, 86 South. Rep. 508; Carr v. Thomas, 18 Fla. 736; Wade v. Atlantic Lumber Co., 51 Fla. 628, 41 South. Rep. 72.

The provisions of Section 11, Chapter 10233, making it a crime for any one to publish or to aid in publishing a false statement concerning land, as such provisions are generally understood, are broader than and are not properly connected with the restricted subject of licensing and regulating the business of real estate brokers and real estate salesmen, that is expressed in the title of the act, therefore under Section 16, Article III of the Constitution, Section 11, Chapter 10233 is inoperative as to this petitioner who is not alleged to be either a real estate broker or a real estate salesman, though the provisions of section 11 do not affect the remainder of the statute. Sec. 14, Chap. 10233, Acts of 1925. The petitioner should have been discharged, the statutory provision under which he was charged with a crime being inoperative as to him. Ex Parte Knight, 52 Fla. 144, 41 South. Rep. 786; Harper v. Galloway, 58 Fla. 255, 51 South. Rep. 266.

It is not necessary to here decide whether section 11 of the statute would be effective in a prosecution under it of

a person who is a real estate broker or a real estate salesman as defined in the statute.

A statutory regulation may, consistently with organic law, be applied to one class of cases in controversy, and may violate the constitution as applied to another class of cases. This does not destroy the statute; but imposes the duty to enforce the regulation when it may be legally applied. In re Seven Barrels of Wine, 79 Fla. 1, 83 South. Rep. 627; Seaboard Air Line Ry. v. Robinson, 68 Fla. 407, 67 South. Rep. 140; Dutton Phosphate Co. v. Priest, 67 Fla. 370, 65 South. Rep. 282; Cason v. Quinby, 60 Fla 35, 53 South. Rep. 741; Osborne v. State, 33 Fla. 162, 14 South. Rep. 588; Dahnke-Walter Milling Co. v. Bondurant, 257 U. S. 282, 42 Sup. Ct. Rep. 106; Kansas City Southern R. Co. v. Anderson, 233 U. S. 325, 34 Sup. Ct. Rep. 599; Brooks v. Southern Pac. Co., 207 U. S. 463, 28 Sup. Ct. Rep. 256; El Paso & N. E. R. Co. v. Gutierrez, 215 U. S. 87, 30 Sup. Ct. Rep. 21; Poindexter v. Greenhow, 114 U. S. 270, 5 Sup. Ct. Rep. 903, 962.

A provision similar to Section 11, Chapter 10233, is contained in Section 10, Chapter 11336, under a somewhat similar title. See Section 14 of Chapter 10233 and Section 13 of Chapter 11336 as to invalid portions of the acts respectively.

The information charges that the accused "did then and there unlawfully and knowingly authorize, direct or aid in the publication, advertising or circulation of a certain false written statement or representation concerning land, or a subdivision known as 'Melbourne Heights,' which said false written statement is as follows, to-wit: 'The trend of the City's growth is in that direction, and developments are springing up all around it. Lots in this new suburb are high ground, pine tree land,' contrary," &c. It is not alleged that the accused was a real estate broker or salesman.

On *habeas corpus* proceedings the court will inquire whether the complaint upon which a defendant is held, or has been convicted, charges a public offense, and when it finds that to the charge preferred no criminality is attached by law, the party imprisoned is entitled to his discharge. Ex parte Bailey, 39 Fla. 734, text 735, 23 South. Rep. 552.

There is no direct, positive allegation that the "written statement or representation" alleged to have been published is false, or wherein it is false or how it was published, advertised or circulated, so as to fairly apprise the accused of "the nature and cause of the accusation against him" as is required by Section 11 of the Declaration of Rights of the State Constitution, therefore the information is fatally defective. See Reyes v. State, 34 Fla. 181, 15 South. Rep. 875; Hamilton v. State, 30 Fla. 229, 11 South Rep. 523; Stevens v. State, 18 Fla. 903; Grant v. State, 35 Fla. 581, 17 South. Rep. 225.

Reversed.

TERRELL AND BUFORD, J. J., concur;

BROWN, C. J., AND ELLIS, J., concur in the opinion.