STATE, *ex rel.* A. E. LICHTENSTEIN, v. D. C. COLEMAN, as Sheriff of Dade County.

183 So. 163.

En Banc.

Opinion Filed July 30, 1938.

Rehearing Denied August 12, 1938.

*Davis & Davis, E. F. P. Brigham* and *Whitfield & Whitfield,* for Petitioner;

*Walsh, Beckham & Ellis, Cary D. Landis,* Attorney Gen-

eral, and *Lawrence A. Truett,* Assistant Attorney General, for Respondent.

BROWN, J.—The petitioner in this case was arrested upon a warrant supported by an affidavit charging him with having cleaned and pressed a man's suit for the sum of thirty-nine cents, contrary to an order made by the Dry Cleaning and Laundry Board fixing a minimum of sixty-five cents for such service.

The title to Chapter 17894 reads as follows:

"AN ACT to Provide for the Prompt Payment and Adjustment of Claims by Those Engaged in the Dry Cleaning and Laundry Business: To Provide for the Consolidation and Regulation of the Cleaning, Dyeing, Pressing and Laundry Industry Under One Board to Be Known as the Florida Dry Cleaning and Laundry Board; to Provide for the Creation of Such Board and to Define Its Powers, Jurisdiction and Duties; to Exempt the Ordinary 'Washwomen' From the Provisions Hereof; to Provide for the Levying of License Fees for the Operation of Such Board; to Provide for reasonable Charges for Service; to Provide for Other Purposes Reasonably Incidental; to Repeal All Laws in Conflict; to Provide That This Act Shall Only Apply to Counties of Over 17,500 Population."

Section 11 of said chapter includes the following provision:

"All rules and regulations, including those fixing prices, shall be incorporated in a written order, approved and signed by a majority of the Board, the original copy thereof filed in the office of the Board, and a true and correct copy thereof certified by the Chief Supervisor or the Secretary of the Board thereafter filed in the office of the Secretary of State. Thereafter, such order thus executed and filed, shall have the full force and legal effect of a law of this State. Any person thereafter knowingly violating any pro-

visions or term thereof, shall be guilty of a misdemeanor and subject to be tried and convicted in any criminal courts of this State having jurisdiction of such offense, in the County where such offense may be committed, and upon conviction thereof may be fined or imprisoned as for a misdemeanor."

Aside from the reasons stated in my dissenting opinion in the case of Miami Laundry Company v. Florida Dry Cleaning and Laundry Board, a companion case to this case, as to why the writer reached the conclusion that the price-fixing power attempted to be vested in the Board by this Act is unconstitutional; there is another reason concurred in by a majority of the Court, particularly applicable to this case, why that part of Section 11 of the Act making it a criminal offense to disobey any order of the Board, made and filed as provided in said section, is unconstitutional. It creates a new criminal offense hitherto unknown to the laws of Florida, and makes it applicable to "any person thereafter knowingly violating any provisions or term" of such orders, which clause goes beyond the title of the Act, and there is nothing in such title to indicate that such criminal offense is created by the Act. Under Section 16 of Article III of the Constitution, "Each law enacted in the Legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title."

We gather from reading this title that the real subject of the Act is to provide for the regulation of the cleaning, dyeing, pressing, and laundry industry under one board, and to provide for the creation of such board and to define its powers, jurisdiction and duties, including the power to fix reasonable charges for services rendered by such industries.

We think this might be construed as stating one single subject within the meaning of the Constitution, and that all matters properly connected with such subject could be included in the Act without indexing them in the title. We have held in a number of cases that an elaborate title may not violate the Constitution if it can be construed to express only a single subject, but that the title must not express two or more distinct subjects, and the Act must not contain any provision that is not covered by the single subject expresed in the title; or that is not matter properly connected with or germane to such single subject.

In the case of Smith v. Chase, 91 Fla. 1044, 109 So. 600, this Court had under consideration a section of Chapter 10233, Acts of 1925, providing for the licensing, regulating and registering of real estate brokers and salesmen and creating the Real Estate Brokers Registration Board and providing for its powers and duties, and prescribing certain offenses and penalties for violating the provisions thereof.

Section 11 of that Act reads as follows:

"Section 11. Every officer, agent or employee of any company, and every other person who knowingly authorizes, directs or aids in the publication, advertising, distribution or circulation of any false written statement or representation concerning any land or subdivision thereof offered for sale, and every person, who with knowledge that any advertisement, pamphlet, representation or letter concerning any said land or subdivision contains any written statement that is false or fraudulent, issues, circulates, publishes, or distributes the same, or shall cause the same to be issued, published or distributed, or who, in any other respects willfully violates or fails to comply with any of the provisions of this Act, shall be guilty of a misdemeanor, and shall be punished as hereinafter provided. It shall be

the duty of the County Solicitor and State's Attorney, in and for each County, to prosecute all violations."

In the opinion of Mr. Presiding Justice WHITFIELD, speaking for the Court in that case, it was said:

. "The title to Chapter 10233 expresses a number of matters, all of which, including the offenses and penalties, may relate to the limited subject of licensing and regulating 'Real Estate Brokers' and 'Real Estate Salesmen,' while Section 11 of the Act defines a crime of general application to all persons, which provision is broader than the subject expressed in the title and is not matter properly connected with the narrower subject expressed in the title. See *Ex parte* Knight, 52 Fla. 144, 41 South. Rep. 786; State, *ex rel.* Conzalea v. Palmes, 23 Fla. 620, 3 South. Rep. 171; Savannah, F. & W. Ry. Co. v. Geiger, 21 Fla. 669."

It will be observed that Section 11 of the Act now under review provides that as to the orders made by the Board "*any person* thereafter knowingly violating any provisions or term thereof, shall be guilty of a misdemeanor and subject to be tried and convicted in any criminal court of this State having jurisdiction of such offenses, in the County where such offense may be committed, and upon conviction thereof may be fined or imprisoned as for a misdemeanor."

This section, like the one involved in the case above cited, defines a crime of general application to any and all persons, which provision is broader than the subject expressed in the title and is not matter properly connected with the subject expressed in the title, under the principles laid down in Smith v. Chase, *supra.*

See also, to similar effect, the case of Williams, *et al.,* v. Dormany, 99 Fla. 496, 126 So. 117; Savannah R. Co. v. Geiger, 21 Fla. 669; Dissten v. Board of Trustees, 75 Fla. 653, 79 So. 295.

722

Other methods of enforcing the orders of the Board are set forth in the Act now under review, but this particular provision plainly goes beyond the scope of the subject expressed in the title. And as to the criminal feature of the Act, the title is under our former decision misleading.

The conclusion of the majority of the Court, therefore, is that the petitioner should be discharged.

ELLIS, C. J., and WHITFIELD and CHAPMAN, J. J., concur.

BUFORD, J., agrees to the conclusion because the penal clause is not contemplated in the language of the Act.