94 So.2d 181 (1957)
STATE of Florida, on the relation of Harry Flink, Appellant,
v.
F. Allan CANOVA, S.E. Simmons, A. William Morrison, W.H. Blackwell and Dewey H. Johnson, as The Florida Board of Pharmacy, Appellees.
Supreme Court of Florida, En Banc.
February 20, 1957.
Rehearing Denied April 24, 1957.
*182 Robert H. Givens, Jr., Miami, for appellant.
Richard W. Ervin, Atty. Gen., and George E. Owen, Asst. Atty. Gen., for appellees.
O'CONNELL, Justice.
Harry Flink, appellant, was relator below and F. Allan Canova, et al., as the Florida Board of Pharmacy, appellees, were respondents. They will be referred to here as they stood in the court below.
Harry Flink, appellant, sought a peremptory writ of mandamus requiring the Florida Board of Pharmacy to permit him to take an examination to be given by the board to determine his qualifications to practice pharmacy in this state. The circuit court quashed the alternative writ of mandamus which had been issued theretofore and Flink, the relator, appealed to this Court for review of such order.
In the lower court, the relator recited that he was qualified to take the examination for *183 registration as a pharmacist under the provisions of Ch. 25238, Acts of Fla. 1949, F.S.A. §§ 465.02, 465.07, but that he was not so qualified under the provisions of Ch. 28150, Acts of Fla. 1953. The last mentioned chapter is now Ch. 465, F.S. 1955, F.S.A. Relator contended that said Ch. 28150 was invalid in that it embraced two or more separate and distinct subjects in violation of Florida Constitution, art. III, Sec. 16, F.S.A. He reasons that if Ch. 28150 is invalid, Ch. 25238 was not repealed thereby and that, consequently, he was entitled to take the examination under the provisions of Ch. 25238.
The respondents contended that Ch. 28150 did not offend Florida Constitution art. III, Sec. 16, and that, even if it did, the inclusion of the same subject matter in a revision of the statute adopted in Ch. 29615, Acts of Fla. 1955 (a general revision of the laws of the State of Florida) cured any defect in the original enactment.
In its order quashing the writ, the circuit court did not dwell on the question of whether the law in question embraced two or more separate and distinct subjects, other than as follows:
"The Court is of the opinion that, based upon precedent and logic the enactment of the Florida Statutes, 1955, had the effect of making the contents of those statutes the law of the state, regardless of any defects in the original enactment of any statute brought forward in this revision * * *. It is argued by Relator that all of the decisions announcing this rule relate to cases involving deficiencies in the title to the acts involved rather than the inclusion of more than one subject in both the title and the body of the act. The arguments in favor of the rule apply more strongly to situations of the kind last mentioned. There is greater danger to the public in the enactment of laws not disclosed by the title to the bill of which they are a part and the later inclusion of those laws in a general revision of the statutes thus curing any defects in their original enactment than there is in the enactment of two incongruous statutes in one act but both described in the title and thus called to the attention of the Legislator and the public, and the curing of any invalidity by the later inclusion of both in a general revision of the statutes."
The balance of the court's order consisted of an able elaboration and defense of the rule. It did further comment, however, that:
"It must be borne in mind that the constitutional provisions regulating the mechanics of the legislative processes are designed to set up a system by which statutes are enacted and published in such a way as to prevent fraud and surprise in the enactment of statutes (each act having a title expressing its subject), [and] to prevent `log-rolling' (each act relating to but one subject) * * *."
The provision of the Constitution, Sec. 16 of art. III, under consideration reads as follows:
"Each law enacted in the Legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title; and no law shall be amended or revised by reference to its title only; but in such case the act, as revised, or section, as amended, shall be re-enacted and published at length."
This provision appeared in the State of Florida's Constitution of 1868, but not in any earlier constitution.
A treatise which appears to have been recognized at about that time throws some light on the purpose of the addition to this state's constitution. In Cooley, A Treatise on the Constitutional Limitations (3rd ed. 1874), at pp. 141-146, it is remarked that formerly the title of an act was not considered a part of it and, anciently, acts had no title prefixed at all but that, recently, titles *184 had come to possess very great importance by reason of constitutional provisions. Cooley emphasized that in considering these provisions, it was important to regard the evils designed to be remedied. After reviewing the provisions of several states, Cooley then said the purpose of those provisions was (1) to prevent hodge podge or "log rolling" legislation, i.e., putting two unrelated matters in one act; (2) to prevent surprise or fraud by means of provisions in bills of which the titles gave no intimation, and which might therefore be overlooked and carelessly and unintentionally adopted; and (3) to fairly apprise the people of the subjects of legislation that are being considered, in order that they may have opportunity of being heard thereon. He commented that the general disposition of the courts was to construe the constitutional provision liberally, rather than to embarrass legislation by a construction whose strictness is unnecessary to the accomplishment of the beneficial purposes for which it has been adopted.
A review of the cases in this jurisdiction shows an accord between the thinking of our courts and the observations of Cooley, referred to above. As indicated by the order of the lower court now under review, there seems to have been some concern in our courts to prevent the evil of matters being inserted in a body of an act whose title does not properly put the people on notice of such content. The evil of "log rolling" is of course lesser, in that it is easier to detect, for the title is notice, per se, of the evil involved.
It is perfectly clear, from reviewing prior decisions of this Court, that if a matter is germane to or reasonably connected with the expressed title of the act, it may be incorporated within the act without being in violation of Sec. 16 of art. III of our constitution. Provisions which are necessary incidents to, or tend to make effective or promote the object and purpose of the legislation included in the subject expressed in the title of the act may be regarded as matters properly connected with the subject thereof. Smith v. Chase, 1926, 91 Fla. 1044, 109 So. 94. Numerous supporting cases may be found by reference to 25 F.S.A. art. 3, § 16, Notes of Decisions, pt. 11. In determining if matters are properly connected with the subject, the test is whether such provisions are fairly and naturally germane to the subject of the act, or are such as are necessary incidents to or tend to make effective or promote the objects and purposes of legislation included in the subject. City of Ocoee v. Bowness, Fla. 1953, 65 So.2d 7.
Also, if a matter properly connected with the subject is also named in the title to the act, no material harm has been done. A title merely mentioning matters germane to one subject is not invalid as relating to more than one subject; amplification of the title does not vitiate it. State ex rel. Davis v. Rose, 1929, 97 Fla. 710, 122 So. 225. State ex rel. Moodie v. Bryan, 1905, 50 Fla. 293, 39 So. 929 (this case contains a good review of earlier cases on this matter). Smith v. Chase, supra. Lewis v. Leon County, 1926, 91 Fla. 118, 107 So. 146. Fine v. Morgan, 1917, 74 Fla. 417, 77 So. 533.
The subject of an act is the matter to which it relates and the object is its general purpose. Spencer v. Hunt, 1933, 109 Fla. 248, 147 So. 282. It is of course not necessary that the objects be included in the title of the act. Only the subject and not matters properly connected therewith is required by the constitution to be expressed in the title to the act. State ex rel. Grodin v. Barns, 1935, 119 Fla. 405, 161 So. 568. Hayes v. Walker, 1907, 54 Fla. 163, 44 So. 747.
Should any doubt exist that an act is in violation of art. III, Sec. 16 of the Constitution, or of any constitutional provision, the presumption is in favor of constitutionality. To overcome the presumption, the invalidity must appear beyond reasonable doubt, for it must be assumed the legislature intended to enact a valid law. Therefore, the act must be construed, if fairly *185 possible, as to avoid unconstitutionality and to remove grave doubts on that score. Spencer v. Hunt, supra. With these concepts in mind, we will now examine the statute under question.
Ch. 28150, Acts of Fla. 1953, Senate Bill No. 597, is entitled:
"An Act Relating to Pharmacy and Revising Chapter 465, Florida Statutes, 1951, so as to Create and Establish a Florida Board of Pharmacy, to Provide for the Appointment, Meeting, Duties, and Compensation of the Members of the Board; to Prescribe the Standards of Admission to the Practice of Pharmacy and Require the Registration of Pharmacists and Retail Drug Establishments; to Allow for the Registration of Pharmacists From Other States on a Reciprocating Basis; to Provide for the Inspection and Regulation of the Practices of Pharmacists and the Activities of Retail Drug Establishments; to Define the Term Retail Drug Establishment; to Provide for the Collection of Examination and Registration Fees and for the Appropriation of Funds to Carry Out the Purposes of the Act; to Define Certain Violations and Prescribe Penalties Therefor; to Provide a Method of Appeal from Decisions of the Board; and to Provide That This Act Be Known as the `Florida Pharmacy Act.'"
The short title of the act is the "Florida Pharmacy Act".
Flink, the Relator, claims that this title indicates that two subject matters are involved and that hence the act violates the Constitution. One subject, he says, is Pharmacy, and the other, Drug Stores. It is his contention these two are two different subjects, not adequately related to prevent the violation. He points out, in support of his argument, that two distinct subjects are involved, that formerly the Legislature itself treated them as such. Ch. 10201, Acts of Florida 1925, F.S.A. § 465.02, dealt with examination by the Board of Pharmacy and qualifications of applicants. Ch. 11859, Acts of Florida 1927, F.S.A. § 465.09 et seq., concerned the Board of Pharmacy and retail drug stores. It is our opinion that even if the Legislature at that time treated the matters as two distinct subjects such would not preclude it from now treating them, in the act complained of, as being one subject if in fact they are so related as to come under one general subject. That they are related, at least to some extent, cannot be denied.
The Relator relies on Ex parte Sarros, 1934, 116 Fla. 86, 156 So. 396. This Court there said the title of the act under consideration there was misleading because while the subject matter of the act, when taken alone, was the regulation of sales of drugs and medicines, the title declared it to be an act relating to the practice of pharmacy. The Court did make that statement, but nevertheless upheld the act on other grounds. But there is a great difference between the provisions of the act in the Sarros case and the act now before us. In the Sarros case, the act prohibited sale, by any one other than a registered pharmacist, of any medicines, whether compounded by a pharmacist or of the patent type, whereas, in the act we are concerned with, the subject matter thereof deals only with preparations prepared and dispensed by pharmacists, which preparations are undeniably related directly to the practice of pharmacy.
Had Ch. 28150 attempted to regulate sale of any medicines not prepared by pharmacists in retail drug stores, we believe the title and act may well have been violative of the Constitution because of duplicity. But the act does not purport "to prohibit the sale by merchants of home remedies, or of those preparations commonly known as patents or proprietary preparations where such are sold only in original or unbroken packages." Sec. 465.021, F.S. 1955, F.S.A.
In our opinion, the regulation of the sales of medicines prepared by pharmacists is a *186 subject closely related to the broad, inclusive subject of "Pharmacy". Provisions concerning places in which such sales are made are provisions necessarily incident to, or tend to make effective or to promote the object and purpose of the legislation included in the subject expressed in the title of the act. In fact we do not see how the practice of pharmacy could be adequately regulated without regulation of the sales of the work product of pharmacists and regulation of the places where such work is performed and the work product sold. Such provisions may be regarded as matters properly connected with the expressed subject: "An Act Relating to Pharmacy." Smith v. Chase, supra. Such provisions are fairly and naturally germane to the subject of the act. City of Ocoee v. Bowness, supra. No material harm has been done by also naming in the title a matter properly connected with the subject. State ex rel. Rose, supra.
We believe the above construction is entirely reasonable and hence we are required to uphold the constitutionality of Ch. 28150, Acts of Fla. 1953. Relator had the burden of convincing us of the unconstitutionality of the legislative act and has not sustained his burden. Therefore, we overrule the implication in the order of the circuit court under review that the title to the chapter was defective. In view of our conclusion, we need not consider the argument that any defect was cured by the revision of the statute adopted in Ch. 29615, Acts of Fla. 1955.
The respondents on appeal raise the question of the right of Relator to proceed by way of mandamus, contending that Ch. 28150 provides that an appeal to the circuit court within sixty days of entry of the order complained of is the exclusive method by which a person aggrieved by such order may seek relief. Sec. 465.20, F.S. 1955, F.S.A. This question was not raised in the court below and we will not consider it here.
The order appealed from is affirmed.
TERRELL, C.J., and HOBSON, ROBERTS, DREW and THORNAL, JJ., concur.
THOMAS, J., not participating.