149 So.2d 912 (1963)
The COUNTY OF HILLSBOROUGH, a body politic, and the Hillsborough County Health Department, Appellants,
v.
Milo PRICE, Jr., and Mrs. Milo Price, Jr., Appellees.
No. 3329.
District Court of Appeal of Florida. Second District.
February 15, 1963.
*913 William C. McLean, Tampa, for appellants.
James M. McEwen, of Rood, Dixon & McEwen, Tampa, for appellees.
SMITH, Judge.
The defendant-appellants, Hillsborough County and the Hillsborough County Health Department, appeal from a Final Decree enjoining the destruction of a dog owned by the plaintiff-appellees, Mr. and Mrs. Price. The plaintiffs' three-year-old son was attacked and bitten by the plaintiffs' dog. The attack occurred on the premises of the plaintiffs and at the time the dog was properly tagged and wearing a current inoculation tag. The County Health Department impounded the dog; and after hearing before the Board of County Commissioners, they found the dog to be vicious and ordered that the dog be destroyed pursuant to the provisions of Chapter 61-2242, Laws of Florida.
On final hearing, the parties stipulated that the dog was not, and is not a "stray" and that the dog was, and is properly "tagged," wearing a current inoculation tag. Noting first the general requirements of constitutional law that the title of an act must give "reasonable notice" to the public of the subject matter thereof, the court, in its Final Decree, stated its findings as follows:
"* * * The subject matter of the title to Senate Bill No. 637 is stray untagged vicious dogs. By the most liberal construction it cannot be held to cover dogs that are properly tagged and are not strays. The legislature and the public, including the owners of properly tagged dogs that are not strays, on reading the title to the Act involved, would be misled. They would not be put upon inquiry to determine whether or not properly tagged dogs that are not strays are affected by the body of the Act. * * *"
Thereupon, the court vacated the order of the County Commissioners, permanently enjoined the County Health Department from destroying the dog, and ordered that the dog be released.
The defendant-County appealed to the Supreme Court for a review of the Final Decree. That Court entered an order to the effect that the issues involved appeared to be matters within the jurisdiction of this Court, and thus transferred this cause.
The effect of the Final Decree was that the subject of the Act[1] in question, *914 as embraced in the title, was "stray untagged vicious dogs" and that Article III, Section 16[2] of the Constitution of Florida, F.S.A. required the court to exclude from the force and effect of the Act this dog, which was found to be vicious, but which was neither a stray dog nor an untagged dog. The title of a legislative act is not a part of the basic act, the operative provisions of an act being those which follow the enacting clause; but the title of an act has an important function: to define the scope of the act. No valid provision can be embodied in an act if it is beyond the range of the subject, as expressed in the title, and matter properly connected therewith. In State ex rel. Flink v. Canova, Fla. 1957, 94 So.2d 181, 184, the Supreme Court said that:
"* * * [I]f a matter is germane to or reasonably connected with the expressed title of the act, it may be incorporated within the act without being in violation of Sec. 16 of art. III of our constitution. Provisions which are necessary incidents to, or tend to make effective or promote the object and purpose of the legislation included in the subject expressed in the title of the act may be regarded as matters properly connected with the subject thereof. Smith v. Chase, 1926, 91 Fla. 1044, 109 So. 94. * * *"
The primary purpose of this constitutional requirement is to establish a means of adequately providing the public with notice as to the contents of the act. The requirement is met if the title clearly indicates the subject of the enactment so as to put interested persons on inquiry as to the exact scope of the indicated subject of the enactment. As stated by the Supreme Court in Mayo v. Polk Co., 1936, 124 Fla. 534, 537, 169 So. 41, 43:
"* * * The test by which it may be determined whether the title of an act meets this requirement is met if its verbiage is sufficient to put one on notice and cause him to inquire into and ascertain the contents of the body of the act. If it does this, it is sufficient to correct the vice that section 16 of article 3 was designed to cure. State ex rel. Moodie v. Bryan, 50 Fla. 293, 39 So. 929; Ex parte Pricha, 70 Fla. 265, 70 So. 406."
*915 See also Paramount-Gulf Theatres, Inc. v. City of Pensacola, Fla. 1951, 62 So.2d 431.
The Legislature has wide latitude in its enactments of law, and it must be a plain case of violating or ignoring the constitutional requirement as to titles before our courts will nullify statutes or portions thereof as not being within the scope of the subject of the act, as expressed in the title, and of matter properly connected therewith. Butler v. Perry, 1941, 67 Fla. 405, 66 So. 150; Smith v. Chase, supra. However, the constitutional requirements as to the title of a legislative act are mandatory, and it is the duty of the courts to adjudge any act, or portion thereof, invalid and void in cases where it is clear that the requirements of Article III, § 16, have been violated or ignored. Holton v. State, 1891, 28 Fla. 303, 9 So. 716; 30 Fla.Jur., Statutes, § 48.
With the above principles in mind, we now turn to the Act in question. What is the subject of Chapter 61-2242, Laws of Florida, which is expressed in the title thereof pursuant to the mandatory constitutional requirements of Section 16 of Article III? We concur with the finding of the trial court that this subject is "stray untagged vicious dogs." We note by reference to the title that the words "stray untagged vicious dogs" are neither separated by commas, nor the conjunctive word "and", nor the disjunctive word "or". We have here a series of three adjectives preceding the noun "dogs". Thus, the title of the act restricts the subject to the described class of dogs: stray untagged vicious dogs. Obviously, this subject is more limited and restrictive than the general subject of vicious dogs. And yet the body of the Act contains provisions dealing with any dog found to be vicious and affecting dogs that are wearing tags. It follows that such provisions beyond the subject of the Act, as expressed in the title, are inoperative, since the general public would not be put upon notice of the contents of the Act from a reading of the title.
We conclude, therefore, that the trial court correctly excluded from the force and effect of the Act the dog in question, which dog was found to be vicious but which was not a "stray" and was not "untagged".
The decree is affirmed.
SHANNON, C.J., and KANNER, J., concur.
NOTES
[1] Chapter 61-2242, Senate Bill No. 637:

"AN ACT authorizing the impounding officer of Hillsborough County to dispose of stray untagged vicious dogs; providing for notification to the owner of such dog if identified, and for a hearing before the Board of County Commissioners of Hillsborough County to determine if such vicious dog should be released or killed. "Be It Enacted by the Legislature of the State of Florida:
"Section 1. Whenever the impounding officer of Hillsborough County has reason to believe that any dog roaming at large or believed to be a stray is a vicious dog, or whenever any dog shall bite or attack any person under circumstances which shall indicate to such impounding officer that such dog is a vicious dog, the impounding officer shall cause said dog to be impounded under the provisions of Chapter 24593, Laws of 1947; and if such dog is not wearing a tag as required by Chapter 29135, Laws of 1953, then such dog may be killed and its remains disposed of without compensation to the owner of such dog. In the event such dog is wearing a tag and its owner may be thereby identified, the impounding officer shall notify such owner that such dog is in the custody of the impounding officer by giving such owner at least five (5) days' notice from the date of receipt of a registered or certified United States mail, to appear before a regular meeting of the board of county commissioners of Hillsborough County, and to show cause why said dog should not be killed. At the time fixed for such appearance, said board may hear the owner of such dog, the impounding officer, or others, and thereupon determine whether such dog shall be released upon payment of impounding fees or killed by the impounding officer as a vicious dog, as said board shall deem to be proper under the circumstances.
"Section 2. This act shall take effect upon its becoming a law.
"Became a law without the Governor's approval.
"Filed in Office Secretary of State May 15, 1961."
[2] Article III, Section 16, of the Constitution of Florida:

"Acts; one subject; expressed in title; amendments. Each law enacted in the Legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title, and no law shall be amended or revised (by reference) to its title only; but in such case the act as revised or section, or subsection of a section, or paragraph of a subsection of a section, as amended, shall be reenacted and published at length."