QUESTION:
Of what does the find and forfeiture fund provided for in ss.142.01 and 142.03, F. S., consist since these sections were amended by Ch. 77-452, Laws of Florida?
SUMMARY:
The amendments to ss. 142.01 142.03, F. S., by Ch. 77-452, Laws of Florida, operate to exclude from the fine and forfeiture fund only those additional fines imposed under s. 775.0835(1), F. S., which fines are required by s. 3 of Ch. 77-452 (s. 775.0835[1]) to be deposited in the Crimes Compensation Trust Fund created and established by s. 1 of Ch. 77-452 (s. 897.21, F. S.) and are earmarked for compensating the victims of crime.
Your question arises from the recent amendments to ss. 142.01 and142.03, F. S. (by s. 2 of Ch. 77-452, Laws of Florida), which provide for and regulate a fine and forfeiture fund in each county. In pertinent part, the newly amended sections read as follows (the italicized portions being the amending phrases added by virtue of Ch. 77-452):
 142.01 Fine and forfeiture fund contents. — There shall be in every county of this state a separate fund to be known as the fine and forfeiture fund. Said fund shall consist of all fines and forfeitures collected in the county under the penal laws of the state, except those fines imposed under s. 775.0835(1); all costs refunded to the county; all funds arising from the hire or other disposition of convicts; and the proceeds of any special tax that may be levied by the county commissioners for expenses of criminal prosecutions. Said funds shall be paid out only for criminal expenses, fees, and costs, where the crime was committed in the county and the fees and costs are a legal claim against the county, in accordance with the provisions of this chapter.
 142.03 Disposition of fines, forfeitures, and civil penalties; reports. — Except as to fines, forfeitures, and civil penalties collected in cases involving violations of municipal ordinances . . . and except as to fines imposed under s. 775.0835(1), all fines imposed under the penal laws of this state in all other cases . . . shall be paid into the fine and forfeiture fund. . . . (Emphasis supplied.)
Section 775.0835(1), added by Ch. 77-452, Laws of Florida, provides:
 When any person pleads guilty or nolo contendere to, or is convicted of, any felony or misdemeanor under the laws of this state which resulted in the injury or death of another person, the court may, if it finds that the defendant has the present ability to pay the fine and finds that the impact of the fine upon the defendant's dependents will not cause such dependents to be dependent on public welfare, in addition to any other penalty, order the defendant to pay a fine, commensurate with the offense committed and with the probable impact upon the victim, but not to exceed $10,000. The fine shall be deposited in the Crimes Compensation Trust Fund.
The placement of the italicized exception or proviso phrase in s.142.01, F. S., as amended and above quoted has prompted your request. Prior to the amendment, the section provided that the fund consisted of `all fines and forfeitures collected in the county under the penal laws of the state, all costs refunded to the county, all funds arising from the hire or other disposition of convicts and the proceeds of any special tax . . . .' Section142.01, F. S. 1975. The question you pose is whether the addition of the exception proviso excludes from the fine and forfeiture fund all the items which follow the word `except' or only the fines imposed pursuant to newly created s. 775.0835(1). The effect of the first alternative would be to include within the fund only those fines and forfeitures collected in the county pursuant to the penal laws of the state (except those collected under s.775.0835[1]). The other items previously included would, under this construction, now be excluded, even though, I might add, there appears to be no alternative provision directing placement of these moneys. Under the second of the alternative constructions, the fine and forfeiture fund would remain totally unchanged, the only effect of the amendment being to exclude from the fund the newly authorized fine under s. 775.0835(1). For the following reasons, it is my opinion that the latter construction prevails.
Although the language of these two sections, as amended, construedin pari materia does not appear to be necessarily ambiguous and susceptible of more than one interpretation, the title to Ch.77-452, supra, may be considered since it operates to define the scope of the statute. See, e.g., County of Hillsborough v. Price,149 So.2d 912 (2 D.C.A. Fla., 1963); Finn v. Finn, 312 So.2d 726
(Fla. 1975); cf. Jackson Lumber Co. v. Walton County, 116 So. 771
(Fla. 1928).
The title of Ch. 77-452, Laws of Florida, in pertinent part provides that the act is `amending ss. 142.01 and 142.03, F. S., providing an exception for inclusion in the fine and forfeiture fund; adding subsection (3) to s. 775.083, F. S., to provide for fines for crimes compensation.' (Emphasis supplied.) It seems clear that the Legislature intended to and did provide for an exception to those fines and forfeitures required by law to be deposited in the county fine and forfeiture fund, namely the fines for crimes compensation provided for by newly added s.775.0835(1), F. S. No other changes in ss. 142.01 and 142.03, F. S., as the same existed before the enactment of Ch. 77-452 are made manifest by the title thereto, and the body of the act is limited to the scope defined in its title.
It is well settled that exceptions or provisos are to be strictly construed and limited to objects fairly within their terms. See
Farrey v. Bettendorf, 96 So.2d 889 (Fla. 1957); Cragin v. Ocean 
Lake Realty Co., 133 So. 569 (Fla. 1931). In construing a statute, a court must ascertain and give effect to legislative intent regarding provisos as well as other parts of the statute. The proviso should be construed together with the enacting clause to give effect to each part of the act and carry out the Legislature's intent. Therrell v. Smith, 168 So. 389 (Fla. 1936); State v. Nourse, 340 So.2d 966 (3 D.C.A. Fla., 1976).
The amendment in question, as noted, is effected by Ch. 77-452, Laws of Florida, and is entitled Crimes Compensation Act. Among its several provisions, the act establishes the Crimes Compensation Trust Fund, its moneys earmarked for the purpose of compensating the victims of crime, and creates s. 775.0835(1), F. S., which provides for the imposition of additional fines for persons adjudicated guilty or convicted of a felony or misdemeanor which results in the injury or death of another person. Such additional fines are to be deposited in the Crimes Compensation Trust Fund, created by s. 1 of Ch. 77-452 (s. 897.21, F. S.) and thus have been excluded from the Fine and Forfeiture Fund and are disbursed and used for other purposes. There is simply no indication in the title or in any provision of the act which indicates a legislative intent to change the composition of the fine and forfeiture fund; such a change has nothing whatsoever to do with victims' crime compensation, the subject of Ch. 77-452. Moreover, no provision is made by s. 142.01 or s. 142.03 for disposition or distribution of the moneys which would be excluded from the fine and forfeiture fund if the alternative construction of the proviso were adopted. Consequently, I am of the opinion that only fines collected pursuant to s. 775.0835(1) can fairly be said to fall within the operative force of the proviso or exception clauses added by Ch. 77-452.
Prepared by: Frank A. Vickory Assistant Attorney General