Charles J. Scriven Chairman Florida Parole and Probation Commission
Louie L. Wainwright Secretary Department of Offender Rehabilitation Tallahassee
QUESTION:
Do chs. 77-321 and 77-428, Laws of Florida, amending s. 945.30, F. S. (1976 Supp.), extend the prescribed monthly contribution requirements to persons released by virtue of gain-time allowances and deductions in addition to those persons placed on parole or probation?
SUMMARY:
The monthly contribution or payment duty imposed by s. 945.30, F. S. (1976 Supp.), as amended by Chs. 77-321 and 77-428, Laws of Florida, applies to those persons released on so-called mandatory conditional release (those who have been released by virtue of statutory gain-time deductions or allowances).
In my most recent opinion on this subject, AGO 077-39, I addressed your question:
 Is an individual released on so-called mandatory conditional release (based on accumulation of statutory gain-time allowances and deductions) and under supervision by the Department of Offender Rehabilitation pursuant to s. 944.291, F. S., required to contribute $10 monthly toward the cost of supervision and rehabilitation pursuant to s. 945.30, F. S. (1976 Supp.)?
In response to that question, I concluded that unless legislative clarification as therein specified were provided by the Legislature, and unless judicially determined otherwise, the payment duty imposed by s. 945.30 applied only to those individuals placed on parole by the Parole and Probation Commission and those individuals placed on probation by the courts.
I also stated in AGO 077-39 that this matter should be brought to the attention of the Legislature so that a policy determination might be made as to whether persons on so-called mandatory conditional release should be required by law to contribute toward the cost of their supervision and rehabilitation along with parolees and probationers. I further suggested that legislative clarification be sought as to what conditions, if any, the commission or the Department of Offender Rehabilitation might impose upon persons released by virtue of statutory gain-time allowances and deductions and as to what procedures should be provided in regard to the revocation of statutory gain-time allowances and deductions. As was the case with AGO 077-39, your need for this opinion arises from the fact that the Parole and Probation Commission is again receiving warrant requests seeking the arrest of inmates placed on so-called mandatory conditional release for failure to pay cost of supervision and rehabilitation payments pursuant to s. 945.30, F. S., as amended by Chs. 77-321
and 77-428, Laws of Florida.
Chapter 77-321, Laws of Florida, does amend s. 945.30, F. S. (1976 Supp.), for the purposes of this opinion. The essence of your question is whether the conclusion I reached in AGO 077-39 (and which I had earlier reached in AGO 076-184) is affected by the 1977 Legislature's enactment of Ch. 77-428, Laws of Florida, amending s. 945.30 to now provide in pertinent part:
 Any person under probation or parole supervision . . . shall be required to contribute . . . to a court-approved public or private entity providing him with supervision and rehabilitation. Any failure to pay such contribution shall constitute grounds for the revocation of probation by the court or the revocation of parole by the Parole and Probation Commission. (Emphasis supplied.)
For the reasons that follow, I am of the opinion that the conclusions and reasoning of AGO's 076-184 and 077-39 are affected by the enactment of Chs. 77-321 and 77-428, Laws of Florida.
I have examined the titles of both Chs. 77-321 and 77-428. The title of Ch. 77-321 provides that it is an act `relating toprobation.' (Emphasis supplied.) The title of Ch. 77-428 provides that it is an act `relating to parole and probation.' The title to Ch. 77-428 also provides that the act is `exempting certain persons on probation and parole from contributing to the cost of their supervision,' and that failure to make the contributions constitutes grounds for revocation of `probation or parole.' The title of a legislative act serves the purpose of providing notice to the public as to the subject matter covered in the body of the act, and serves also the important function of defining and limiting the scope of the act. County of Hillsborough v. Price,149 So.2d 912, 914 (2 D.C.A. Fla., 1963); Finn. v Finn,312 So.2d 726, 730 (Fla. 1975).
In Ch. 77-428, Laws of Florida, the legislative change which is relevant to the instant question is the amendment of the first sentence in s. 945.30, F. S. (1976 Supp.). That sentence had begun: `Anyone on probation or parole . . . .' As amended by Ch.77-428, it provides that `Any person under probation or parole supervision . . . shall be required to contribute . . . .' And it goes on to provide that failure to contribute constitutes grounds for revocation of parole or probation. As noted in AGO 077-39, s.944.291(1), F. S., provides that persons released by virtue of gain-time allowances and deductions are to be supervised by the Department of Offender Rehabilitation `as if on parole . . . .' (Excepted from supervision are those `prisoners who, at the time of sentence, could not have earned at least 180 days' gain-time.' Section 944.291[2].) It was my opinion in AGO 077-39 — and I reiterate it here — that the language of s. 944.291
 does not provide the kind of clear, express statutory authority which would have to exist in order for the payment duty imposed upon parolees and probationers by s. 945.30, F. S. (1976 Supp.), to be extended to persons released by virtue of having been granted statutory gain-time deductions and allowances.
The change in wording brought about by Ch. 77-428 (as illustrated in the above quotations from Ch. 77-428 and s. 945.30) when read together with s. 944.291 and the legislative intent did accomplish an obvious change in applications.
I have been provided the House Committee staff analysis of House Bill 346 [now Ch. 77-428, supra] which is less than concise. The staff summary of the bill states `This bill amends Section 945.30 and (1) includes persons released from prison by virtue of gaintime allowances among those required to pay monthly toward the cost of their supervision.' The staff further commented on the bill's `effect on present situation' to conclude: `(1) It is intended that the wording `under probation or parole supervision' will include the persons under mandatory conditional release.' My review of this document together with the obvious legislative intent that can be gleaned from this legislative reaction to past Attorney General Opinions leads me to the conclusion that, absent further legislative clarification or judicial decision, the monthly payment or contribution required by s. 945.30, F. S. (1976 Supp.), as amended by Chs. 77-321 and 77-428, Laws of Florida, is applicable to those persons on mandatory conditional release.
Your question is answered in the affirmative.
Prepared by: Staff