Elton J. Gissendanner Executive Director Department of Natural Resources Tallahassee
QUESTIONS:
1. Do the provisions of s. 253.002, F. S., created by s. 4 of ch. 79-255, Laws of Florida, preempt to the Division of State Lands the acquisition of all lands, title to which will be vested in the Board of Trustees of the Internal Improvement Trust Fund, or may the Division of Building Construction and Property Management of the Department of General Services, the Division of Recreation and Parks of the Department of Natural Resources, and the Division of Forestry of the Department of Agriculture and Consumer Services continue to perform their land acquisition responsibilities while conforming to the procedures set forth in ch. 79-255?
2. In s. 253.025, F. S., do the terms `agency' and `state agency' refer to and apply to the Division of State Lands or to the state agencies acquiring lands?
3. Can the Board of Trustees of the Internal Improvement Trust Fund, pursuant to s. 253.025, F. S., actually purchase lands with funds appropriated to or earmarked by statute for another land-acquiring and land-using agency, or does the board simplyauthorize the purchase of lands by the agency to which the funds are appropriated or for which the funds are earmarked?
4. Does s. 259.035, F. S., mandate that all land acquisitions of the Department of Natural Resources be submitted to the selection committee?
5. Does s. 259.035, F. S., mandate that outdoor recreation land acquisitions funded under ch. 375, F. S., be submitted to the selection committee, or are acquisitions made with moneys from the Land Acquisition Trust Fund not required to be submitted to the selection committee?
6. Does s. 259.035, F. S., which requires that a priority list be established by January 1 of each year, mandate that the initial $3 million credited to the Conservation and Recreation Lands Trust Fund for fiscal year 1979-1980 be lost to general revenue if a priority list is not established by January 1, 1980?
7. If, pursuant to ss. 16 and 18 of ch. 79-255, Laws of Florida, the Department of General Services and the Division of Forestry can proceed to acquire property, may they do so before the Division of State Lands promulgates rules concerning the procedures to be followed as set forth in the 1979 act?
SUMMARY:
Section 253.002, F. S., does not preempt to the Division of State Lands the acquisition of all lands, title to which vests in the board of trustees, but rather the division has the duty and responsibility to perform all administrative staff functions of the Board of Trustees of the Internal Improvement Trust Fund related to such acquisition, and the Division of Building Construction and Property Management of the Department of General Services, the Division of Recreation and Parks of the Department of Natural Resources, and the Division of Forestry of the Department of Agriculture and Consumer Services may continue to perform their statutorily authorized acquisition duties. The terms `agency' and `state agency' as used in s. 253.025, F. S., do not apply to and are to be distinguished from the Division of State Lands and its functions. The board of trustees is not authorized by s. 253.025 to purchase land with funds appropriated to another agency for the acquisition of lands, although such acquisitions are subject to approval by the board. Proposals for acquisition projects under ch. 259, F. S., and s. 253.023, F. S., relating to the environmentally endangered lands program and the Conservation and Recreation Land Trust Fund, respectively, must be submitted to the selection committee established by s. 259.035, but state agencies acquiring lands from moneys in other funds are not required to submit acquisitions of land to the committee for evaluation. Acquisitions from the Land Acquisition Trust Fund established under ss. 375.041 and 375.043, F. S., for outdoor recreation lands may be submitted to the committee pursuant to s.259.041(2). The provisions of s. 259.035 do not authorize or require any transfer of funds from the Conservation and Recreation Lands Trust Fund if the prescribed priority list of acquisition projects is not completed by January 1 of each year by the selection committee, nor is any penalty provided for failure to meet such deadline. Section 253.025 does not, nor do ss. 272.124
and 589.07, F. S., require the prior adoption of rules by the Division of State Lands before an acquiring state agency may proceed to acquire lands subject to and in accordance with applicable statutory authority and the acquisition procedures set forth in s. 253.025.
AS TO QUESTION 1:
Section 253.002, F. S., created by s. 4, ch. 79-255, Laws of Florida, provides that the `Division of State Lands shall performall staff duties and functions related to acquisition, administration, and disposition of state lands, title to which isor will be vested in the Board of Trustees of the Internal Improvement Trust Fund.' (Emphasis supplied.) Thus, the Division of State Lands does have the responsibility for performing all administrative or staff functions and providing whatever administrative support and services are necessary to and for the Board or Trustees of the Internal Improvement Trust Fund (hereinafter, board of trustees) in connection with the acquisition, administration, and disposition of any lands, title to which is or will be vested in the board of trustees, and in the carrying out of statutorily prescribed duties and powers of that board.
Sections 16 and 18 of ch. 79-255, Laws of Florida, specifically sanction the continued `acquisition' of certain lands by the Division of Building Construction and Property Management of the Department of General Services, and the Division of Forestry of the Department of Agriculture and Consumer Services, respectively, with the proviso that such acquisitions be in accordance with the acquisition procedures provided in s. 253.025, F. S., created by s. 9, ch. 79-255. The title of ch. 79-255 makes evident the legislative intent and purpose in this respect and defines the scope of the act. See County of Hillsborough v. Price,149 So.2d 912 (2 D.C.A. Fla., 1963), and Finn v. Finn, 312 So.2d 726 (Fla. 1975). In pertinent part the title of the act states that the several statutory sections governing these (and other) departments and divisions are amended to require them to follow the land acquisition procedures prescribed in s. 253.025.
Section 17, ch. 79-255, Laws of Florida, amends s. 375.031(1), F. S., which deals with the acquisition of outdoor recreation and park lands by the Division of Recreation and Parks of the Department of Natural Resources, specifically provides that all such land acquisitions shall conform to the provisions of s.253.025, F. S. This amendment of s. 375.031(1) by ch. 79-255 has the effect of requiring the Division of Recreation and Parks to make its statutorily authorized land acquisitions in accordance with the procedures prescribed in s. 253.025.
Thus s. 253.002, F. S., does not operate to preempt to the Division of State Lands the acquisition of all lands, title to which is or will be vested in the board of trustees. Rather, it only imposes on that division the duty and authority to perform all administrative staff functions for the board of trustees related to such acquisition, and the several named divisions may continue to perform their statutorily authorized acquisition duties.
AS TO QUESTION 2:
The title of ch. 79-255, Laws of Florida, provides that s.253.025, F. S., is created to require `certain state agencies' (Emphasis supplied.) to follow the prescribed procedures `in acquisition of land.' Section 9 of the act creates s. 253.025, which in pertinent part states:
 Prior to any state agency initiating any land acquisition . . . such agency shall coordinate with the Division of State Lands . . . . Once the state agency has determined and established the public purpose for an acquisition and the unavailability of existing suitable state-owned lands, the state agency may proceed to acquire such lands . . . . (Emphasis supplied.)
At s. 253.025(4)(b), F. S., it is provided that `[a]ppraisal fees shall be paid by the agency proposing the acquisition' (Emphasis supplied.) and that an `agency proposing an acquisition shall select fee appraisers from [a] list' maintained by the Division of State Lands. Further, in s. 253.025(4)(c) dealing with appraisal reports, it states: `Prior to acceptance, the agency shall submit a copy of such report to the Division of State Lands.' (Emphasis supplied.)
In the context of the above-cited provisions there is no apparent distinction between the terms `state agency' an `agency.' Moreover, it seems evident that the use of those terms in the context of s. 253.025, F. S., does not apply to the Division of State Lands. This is further shown by the following portion of s.253.025(5):
 (a) Negotiations for land acquisition between a landowner or his designated agent and a state agency, title to whose land is held by the board of trustees, shall not be commenced prior to completion of the appraisal report . . . .
 (b) When the owner is represented by an agent or broker, negotiations shall not be initiated or continued until a written statement verifying such agent's or broker's legal or fiduciary relationship with the owner is on file with the agency.
 (c) Upon the initiation of negotiations, the state agency
shall inform the owner in writing that all agreements for purchase are subject to approval by the board of trustees. (Emphasis supplied.)
I might also note that throughout s. 253.025 specific reference is also made to the Division of State Lands. See s. 253.025(1), (4)(b) and (c), and (5)(d) and (e). The specific reference throughout to the division distinguishes its functions from those to be performed by an `agency' or `state agency.'
AS TO QUESTION 3:
Nothing in s. 253.025, F. S., authorizes the board of trustees to expend moneys appropriated to another agency for the acquisition of lands. Section 253.025(5)(a), (c), and (d) clearly reveals that individual state agencies acquiring lands may make agreements to purchase, subject to approval by the board of trustees, pursuant to available statutory authority for acquisition. Section253.025(5)(e) explicitly provides that the board of trustees can either approve or reject the affected state agency's agreement to purchase, but this does not confer on the board of trustees any authority to actually purchase lands itself with funds appropriated to another agency.
AS TO QUESTIONS 4 AND 5:
Section 14, ch. 79-255, Laws of Florida, created s. 259.035, F. S., which establishes a selection committee that is directed to develop a priority list of acquisition projects by January 1 of each year. The Division of State Lands is required to provide primary staff support to the committee. It is stated that `[a]ll proposals for acquisition projects pursuant to this chapter [the Land Conservation Act of 1972, ch. 259, F. S.] or s. 253.023 shalloriginate from the committee.' (Emphasis supplied.) The committee is required to consider and evaluate in writing the merits of each proposed project submitted to it and ensure that each proposed acquisition project will carry out the public purpose for preserving environmentally endangered lands, for developing outdoor recreation lands, or as otherwise provided in s. 253.023(3)(b), F. S. The committee must also determine whether each project conforms to the state lands management plan and environmentally endangered lands plan developed pursuant to ss.253.03(7) and 259.04(1)(a), F. S., respectively. Copies of a written report on each project considered for acquisition must be submitted to the board of trustees.
Thus, acquisitions pursuant to ch. 259 F. S., or s. 253.023, F. S., relating to the Conservation and Recreation Lands Trust Fund and the environmentally endangered lands program under the Land Conservation Act of 1972, as amended, will have to be submitted to the committee. Section 259.035 does not by its terms refer to any other acquisition of land, nor does it require any state agency acquiring lands from moneys in another fund, such as the Land Acquisition Trust Fund created by ss. 375.041 and 375.043, F. S., to be submitted to the committee for evaluation. This is confirmed by the amendment to s. 259.04(2) made by s. 15, ch. 79-255, Laws of Florida, which provides:
 For state capital projects for outdoor recreation lands, the provisions of chapter 375 and s. 253.025 shall apply. Land acquisition projects for outdoor recreation may be included in the priority list established [by the committee] pursuant to s. 259.035. (Emphasis supplied.)
Chapter 375, F. S., is known as the Outdoor Recreation and Conservation Act of 1963 and therein creates the Land Acquisition Trust Fund, referred to above, for the purpose of acquiring lands, water areas, and related resources needed for outdoor recreation, wildlife management, forestry management, nature preservation, water conservation and control, and other similar purposes. Section 375.031(3). Acquisitions under this program from the Land Acquisition Trust Fund `may' be submitted to the committee according to s. 259.04(2), F. S., but such submission is not required.
AS TO QUESTION 6:
Section 259.035, F. S., mandates that a priority list be established by the selection committee by January 1 of each year, and s. 259.04(1)(c), F. S., requires that the board of trustees approve the list, in whole or in part, on or before March 15 of each year. To the greatest extent possible, projects on the list shall be acquired in their order of priority. Section 259.035
makes no reference to any transfer of funds. There is no express penalty provided for failure to meet these deadlines, and none can be implied. Moneys are credited to the Conservation and Recreation Lands Trust Fund pursuant to s. 253.023, F. S., and are transferred to the General Revenue Fund only as provided therein when such funds exceed authorized limits.
AS TO QUESTION 7:
As previously noted, ss. 16 and 18 of ch. 79-255, Laws of Florida, specifically provide for and sanction the authority of the Division of Building Construction and Property Management of the Department of General Services and the Division of Forestry of the Department of Agriculture and Consumer Services to acquire lands in accordance with the procedures provided in s. 253.025, F. S. Section 253.025 does require an acquiring agency to coordinate with the Division of State Lands to determine the availability of existing state-owned lands and the public purpose for which an acquisition is being proposed. Once these have been determined, the acquiring agency is empowered to proceed to acquire such lands by employing all available statutory authority for such acquisition.
Section 253.025, F. S., does not provide for or require the prior adoption of rules by the Division of State Lands, nor does s. 16 or s. 18 of ch. 79-255 require the adoption of any such rules by the division. Section 253.025(9) does, however, authorize the board of trustees and all affected agencies to adopt such rules and regulations `as are necessary' to carry out the purposes of that section. Therefore, I find no prohibition against any affected, acquiring state agency proceeding to acquire land subject to and in accordance with applicable statutory authority and the acquisition procedures for state lands provided in s.253.025, although the Division of State Lands has not yet adopted rules of procedure.
Prepared by: Donald D. Conn, Assistant Attorney General